OPINION.
The defendant-appellant, Michael Cowperthwaite, was convicted of seventeen separate offenses as a result of a horrific incident in which he drove his vehicle while highly intoxicated into the middle of the downtown Cincinnati Oktoberfest celebration. He appeals the legality of the seventeen consecutive prison terms meted out by the trial court, arguing that the cumulative sentence of thirteen years is not supported by the record. We disagree and thus affirm.
It is undisputed that, during the Oktoberfest celebration, Cowperthwaite, who was highly intoxicated, drove his automobile over an erratic course beginning on Walnut Street and continuing the wrong way through the barriers that were blocking Sixth Street and Main Street. He hit pedestrians, booths, and vehicles as police officers yelled for him to stop. Of the thirty-one documented pedestrians or police officers he struck, eleven were seriously injured. Subsequently, he entered a guilty plea to an eighteen-count indictment. At the sentencing hearing, Cowperthwaite was questioned by his counsel, and the state presented testimony from some of the injured victims. Cowperthwaite told the trial court that he had no memory of the events until his automobile stopped abruptly after hitting a taxicab. The trial court imposed the following sentences:
Count 1 Felonious Assault (F1) 2901.11(A)(2) 3 years
Count 2 Felonious Assault (F2) 2901.11(A)(2) 2 years
Count 3 Failure to Comply (F3) 2921.331(A) 1 year
Count 4 Failure to Comply (F3) 2921.331(A) 1 year
Count 5 Leaving the Scene (F5) 4549.02 6 months
Count 6 Inducing Panic (F4) 2917.31(A)(3) 6 months
Count 7 Agg. Vehicular Assault (F4) 2903.08(A) 6 months
Count 8 Agg. Vehicular Assault (F4) 2903.08(A) 6 months
Count 9 Agg. Vehicular Assault (F4) 2903.08(A) 6 months
Count 10 Agg. Vehicular Assault (F4) 2903.08(A) 6 months
Count 11 Agg. Vehicular Assault (F4) 2903.08(A) 6 months
Count 12 Agg. Vehicular Assault (F4) 2903.08(A) 6 months
Count 13 Agg. Vehicular Assault (F4) 2903.08(A) 6 months
Count 14 Agg. Vehicular Assault (F4) 2903.08(A) 6 months
Count 15 [merged with count 2 for sentencing purposes]
Count 16 Agg. Vehicular Assault (F4) 2903.08(A) 6 months
Count 17 Agg. Vehicular Assault (F4) 2903.08(A) 6 months
Count 18 Felonious Assault (F2) 2901.11(A)(2) 2 years
Upon Cowperthwaite's motion to reconsider the sentence, the trial court subsequently dismissed Count 15 as an allied offense of similar import, as reflected in its journal entry of May 15, 2000.
The trial court imposed the minimum prison term for each of the seventeen counts. Cowperthwaite does not challenge the imposition of a prison term for any offense, but only the fact that each sentence was to be served consecutively. Our review, likewise, convinces us that the individual prison terms were appropriate under the sentencing guidelines. For the three counts of felonious assault, which were felonies of the first and second degrees, there was a presumption favoring a prison term. R.C. 2929.13(D). For the offenses of failure to comply in counts 3 and 4, which were third-degree felonies, the trial court imposed a prison term, finding, as required by R.C. 292913(C), that incarceration was consistent with the purposes and principles of sentencing set forth in R.C. 2929.11(B), as well as with the factors relating to the seriousness of the offense and recidivism set forth in R.C. 2929.12(B) and (C). The trial court, as required by R.C. 2929.13(B), also made the findings necessary to justify a prison term for the remaining felonies, of the third and fourth degrees, by indicating on its sentencing worksheet that Cowperthwaite had caused physical harm to persons and was not amenable to community control, and that a prison term was consistent with the purposes and principles of sentencing.
In reviewing the propriety of consecutive prison terms, we are required to examine, under R.C. 2929.19(B)(2), whether the trial court's findings and its reasons for selecting the consecutive terms conform to the factors in R.C. 2929.14(E)(4). The latter section states,
 If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
* * *
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 Cowperthwaite does not challenge the trial court's finding that the harm caused was great and unusual. But he points out, correctly, that the sentencing worksheet does not contain the precise wording of R.C. 2929.14(E)(4) that consecutive sentences are "necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." (Emphasis added.) Because the length of the sentence ultimately affects his eligibility for judicial release, as provided in R.C. 2929.20, he argues that failure to make the necessary findings for consecutive sentences defeated the purpose of uniform sentencing under the General Assembly's sentencing guidelines.
After commenting at the sentencing hearing and on its sentencing worksheet that the harm caused by Cowperthwaite was great or unusual, the trial court observed that Cowperthwaite was genuinely remorseful. On its sentencing worksheet, however, the trial court noted that consecutive sentences for Cowperthwaite "were necessary to fulfill the overriding purposes of R.C. 2929.11." Those purposes, as defined by statute, are "to protect the public from future crime by the offender" and to insure that the sentence is "commensurate with and not demeaning to the seriousness of the offender's conduct and impact upon the victim." R.C. 2929.11(A) and (B). The trial court commented that it was also taking into consideration Cowperthwaite's juvenile and adult record of prior offenses, as well as his failure to successfully complete probation in Clermont County. From its assessment of the presentence investigation, the victim-impact statements, and the psychiatric and psychological reports, the trial court labeled Cowperthwaite a "Jeckyl and Hyde figure." It expressed concern for his admission that at Oktoberfest he had consumed "eighty to one hundred ten ounces of alcohol in twenty minutes," before single-handedly causing an incident of catastrophic proportions. The trial court specifically noted Cowperthwaite's "unacknowledged substance abuse pattern."
The statutory purpose of sentencing is satisfied when the trial court specifies that it has considered the statutory guidelines and factors and, when required by statute, given reasons for its findings. We have stated, however, that talismanic words are not required from the trial court if its findings and specific reasons are apparent from the record.State v. Parsons (Nov. 26, 1999), Hamilton App. No. C-980900, unreported. Based upon the trial court's reasons given at the sentencing hearing and journalized on its sentencing worksheet, we conclude from the record that the trial court engaged in the level of analysis required under R.C. 2929.14(E)(4). See State v. Edmonson (1999), 86 Ohio St.3d 324,326, 715 N.E.2d 131, 134.
Furthermore, we reject Cowperthwaite's argument that the trial court's sentences were improperly based "on the court's perception that each victim was entitled to be represented in the aggregate sentence by a separate and distinct consecutive term." One of the factors the trial court is to consider in selecting consecutive sentences is the impact on the victim. R.C. 2929.11(B). The record amply demonstrates that the trial court's consideration of the multiple victims was related to the extent of the harm caused by Cowperthwaite's misconduct and the unlikely probability for him to make restitution to the victims.
Finally, we find no merit in Cowperthwaite's argument that the trial court violated due process because it did not grant his counsel permission to talk to, or to contact, the victims in preparation for his subsequent motion to reconsider the sentence. This issue was not raised below. At the hearing on the motion, counsel for Cowperthwaite stated, "We believe that you listened to what we had to say in sentencing and passed the sentence and we have no criticism of you, no criticism of the sentence." The irregularities now alleged for the first time on appeal, after the trial court had declined to reduce Cowperthwaite's sentence to ten years, as he requested, were waived. See State v. Peagler (1996),76 Ohio St.3d 496, 499, 668 N.E.2d 489, 493.
Accordingly, the judgment of the trial court is affirmed.
Painter and Sundermann, JJ., concur.