**[This opinion has been published in *Ohio Official Reports* at 76 Ohio St.3d 496.]**

THE STATE OF OHIO, APPELLANT, *v*. PEAGLER, APPELLEE.

[Cite as *State v. Peagler*, 1996-Ohio-73.]

*Appellate procedure—Appellate court may decide an issue on grounds different from those determined by the trial court—Evidentiary basis upon which court of appeals decides a legal issue must have been adduced before the trial court and made a part of the record thereof—Criminal law— Evidence—Opening of closed pill container for inventory purposes by police during impounding of a car reasonable for Fourth Amendment purposes, when.*

————————————

1.    While an appellate court may decide an issue on grounds different from those determined by the trial court, the evidentiary basis upon which the court of appeals decides a legal issue must have been adduced before the trial court and have been made a part of the record thereof.

2.    When a police impoundment policy specifically addresses the inventory of closed containers and governs the procedures to be used by the police, the opening pursuant to this policy of a closed container by the police is not pretextual and thus is reasonable for Fourth Amendment purposes.

————————————

(No. 95-1197—Submitted May 21, 1996—Decided August 28, 1996.)

APPEAL from the Court of Appeals for Montgomery County, No. 14792.

————————————

{¶ 1} On May 13, 1994, the Montgomery County Grand Jury indicted George Edward Peagler, defendant-appellee, charging him with aggravated trafficking, a violation of R.C. 2925.11(A).  On May 17, 1994, appellee pled not

guilty, and on June 6, 1994, he filed a motion to suppress evidence. At the hearing on the motion, the parties stipulated to the following underlying facts.

{¶ 2} On May 9, 1994, at approximately 3:00 a.m., officers of the Dayton Police Department stopped appellee for operating a motor vehicle with an expired registration. Upon checking appellee's record, the officers discovered that there was an outstanding warrant for appellee's arrest for failure to pay a traffic fine. The officers subsequently arrested appellee and took him into police custody.

{¶ 3} Prior to impounding appellee's car and pursuant to a written departmental policy, the police officers conducted an inventory search of the car. The written policy required the officers to open all closed containers found in the vehicle. The officers found on the front floor of the car, in plain view, a pill container with appellee's name on it. The officers opened the container and found heroin inside.

{¶ 4} In his motion to suppress, appellee asserted only that the police had searched beyond the scope of a constitutional inventory search (the opening of the pill container) and that the location of the search was unconstitutional (done prior to impounding the vehicle). In granting appellee's motion to suppress, the trial court found that because the police conducted the inventory search prior to impounding the vehicle, the search was unconstitutional.

{¶ 5} The court of appeals affirmed the trial court's judgment, but on different grounds. The court of appeals found that the police impoundment policy allowed for impoundment when abandoning the vehicle would leave it "vulnerable to theft," and that the prosecution had presented no evidence supporting the assertion that the police had impounded the vehicle pursuant to this policy. The court of appeals accordingly held that the impoundment was unconstitutional.

{¶ 6} The cause is now before this court pursuant to the allowance of a discretionary appeal.

---

*Mathias H. Heck, Jr.*, Montgomery County Prosecuting Attorney, *M. Catherine Koontz*, Assistant Prosecuting Attorney, for appellant.

*Lynn Koeller*, Montgomery County Public Defender, and *Charles L. Grove*, Assistant Public Defender, for appellee.

––––––––––––––––

**ALICE ROBIE RESNICK, J.**

{¶ 7} In the case *sub judice*, the parties stipulated to the facts stated above[1]; moreover, the defense attorney clarified his arguments by stating: "Judge, my

––––––––––––––––

1. At the hearing on the motion to suppress, the prosecutor and the defense attorney stipulated to the following facts and disputed issues:

"Mr. Monroe [counsel for appellee]: * * * Judge, if it please the Court, I, quite frankly, think we can probably stipulate the facts of this case.

"The facts don't seem to be in dispute. And Rick [prosecutor], if I misstate the facts, if you will correct me.

"It appears, Judge, and I'd be willing to stipulate, that members of the Dayton Police Department stopped my client on May 29th [*sic*], '94, at about almost 3:00 in the morning. The reason for the stop appeared to be an expired registration on my client's vehicle. So it looks like the reason for the stop was a legitimate traffic stop.

"Secondly, upon checking the identity of my client through the capias book, it appears that there was a capias for my client's arrest for--I believe it was nonpayment of a traffic fine, and members of the Dayton Police Department took him into custody as a result of that capias.

"Prior to the vehicle being towed, three different officers, Officer Welsh, Officer Spicer and--

"Mr. Hanes [prosecutor]: Officer Pauley.

"Mr. Monroe: Pauley. Officer Pauley reported to do an inventory of my client's vehicle on the scene.

"Pursuant to that alleged inventory analysis of the car, there was a pill container with my client's name on it apparently lying on the front floor board in plain view. They retrieved that pill bottle with my client's name on it, and opened it, therein finding the narcotics that are the basis of the charges against my client.

"I believe that those are the operative facts.

"Mr. Hanes: One addition to that. Everything you said is correct. However, the inventory including the opening of the vial in which the heroin was discovered, that took place pursuant to a written policy of the Dayton Police Department requiring them to do the inventory and to open all containers, closed containers found in the vehicle.

"The Court: Isn't that the crux of the case?

"Mr. Monroe: That's the crux of the case.

"The only thing I would ask, is the prosecution ready to admit into evidence this policy statement.

"Mr. Hanes: Actually, I was going to have Sergeant Welsh who is here with me this morning testify to it.

objection would be to the on-the-scene inventory of the vehicle. I don't believe that that's the proper procedure. I believe its got to go to the tow yard and the opening of any containers that are not weapons I believe is contrary to established law * * *. That appears to be the only issue in the case, is the situs, the timing of the inventory and the scope of the inventory."

{¶ 8} The prosecutor stated that he intended to put a police officer on the stand to testify to the police impoundment policy. Defense counsel indicated that it would be sufficient to admit into evidence the written policy. Neither the prosecution nor defense counsel raised the issue considered by the court of appeals, that is, whether the vehicle would be "vulnerable to theft" upon abandonment and therefore whether the impoundment was conducted pursuant to established police policy. Thus, the issue presented in this appeal is whether a court of appeals may

---

"Mr. Monroe: Well, if there's a written policy, I couldn't see why we couldn't supply that to the Court at the earliest convenience.

"The Court: I've heard of the policy but I've never seen it in writing. I don't know whether it is or isn't.

"Well, if it is in writing, what is the basis of the motion?

"Mr. Monroe: Judge, my objection would be to the on-the-scene inventory of the vehicle. I don't believe that that's the proper procedure. I believe it's [*sic*] got to go to the tow yard and the opening of any containers that are not weapons I believe is contrary to established law and I would ask the Court for time to file a written memorandum to that effect. That appears to be the only issue in the case, is the situs, the timing of the inventory and the scope of the inventory.

"The Court: All right.

"Well, in the meantime, Mr. Hanes, could you please send me a copy--a Xerox copy will be sufficient--of the policy and send Mr. Monroe a copy of that, and that won't take too long, will it?

"Mr. Hanes: Okay.

"Just so I understand the stipulations the stop, everything is valid, the plate was expired, the capias was real, and the only thing being complained of by the defendant at this time is the manner in which the inventory was done and your claim that inventories are limited, legitimate purposes for inventories are limited to weapons and dangerous items; is that correct?

"Mr. Monroe: I just believe that the opening of the vial is improper, Your Honor.

"And so it would be the scope of the inventory with regard to the opening of that container and the situs and timing of the inventory itself.

"The Court: All right.

"Well, can you get the copy of the policy to me within the next week? [The remainder of the discussion concerned dates on which briefs and memoranda would be due.]"

reverse a decision of a lower court on a legal theory not raised or considered in the lower court by the parties.

{¶ 9} Generally, an appellate court will not consider any error that counsel could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court. *State v. 1981 Dodge Ram Van* (1988), 36 Ohio St.3d 168, 170, 522 N.E.2d 524, 526, quoting *State v. Childs* (1968), 14 Ohio St.2d 56, 43 O.O.2d 119, 236 N.E.2d 545, paragraph three of the syllabus, and citing *State v. Glaros* (1960), 170 Ohio St. 471, 11 O.O.2d 215, 166 N.E.2d 379, paragraph one of the syllabus; *State v. Williams* (1977), 51 Ohio St.2d 2d 112, 117, 5 O.O.3d 98, 101, 364 N.E.2d 1364, 1367; *State v. Lancaster* (1971), 25 Ohio St.2d 83, 54 O.O.2d 222, 267 N.E.2d 291, paragraph one of the syllabus.

{¶ 10} Likewise, App.R. 12(A)(2) provides that the court of appeals "*may* disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief." (Emphasis added.) Although this rule allows a court of appeals discretion in deciding to address an issue not briefed or raised below, the court of appeals must base any *factual conclusions* reached upon evidence that exists in the record. *C. Miller Chevrolet v. Willoughby Hills* (1974), 38 Ohio St.2d 298, 301, 67 O.O.2d 358, 360, 313 N.E.2d 400, 403, citing *Paulin v. Midland Mut. Life Ins. Co.* (1974), 37 Ohio St.2d 109, 66 O.O.2d 231, 307 N.E.2d 908. Similarly, there must be sufficient evidentiary basis in the record before the reviewing court upon which it can decide a particular *legal issue. Hungler v. Cincinnati* (1986), 25 Ohio St.3d 338, 342, 25 OBR 392, 395, 496 N.E.2d 912, 915. Fairness, which is required for the proper operation of the adversary system of justice, requires at least that the parties be allowed in the trial

court the opportunity to present evidence that would support or refute the legal theory addressed by the court of appeals.[2]

{¶ 11} In the instant case, the court of appeals correctly stated that if the police failed to obtain a search warrant, then the prosecution has the burden to establish that the search fell within an exception to the warrant requirement. *Xenia v. Wallace* (1988), 37 Ohio St.3d 216, 524 N.E.2d 889, paragraph two of the syllabus. However, this court also held in *Wallace* that:

"To suppress evidence obtained pursuant to a warrantless search or seizure, the defendant must (1) demonstrate the lack of a warrant, and (2) raise the grounds upon which the validity of the search or seizure is challenged in such a manner as to give the prosecutor notice of the basis for the challenge." *Wallace*, paragraph one of the syllabus. See, also, *State v. Shindler* (1994), 70 Ohio St.3d 54, 636 N.E.2d 319, syllabus.

{¶ 12} The *Wallace* court reasoned that:

"* * * [T]he prosecutor cannot be expected to anticipate the specific legal and factual grounds upon which the defendant challenges the legality of a warrantless search.

"The prosecutor must know the grounds of the challenge in order to prepare his case, and the court must know the grounds of the challenge in order to rule on evidentiary issues at the hearing and properly dispose of the merits. *State v. Johnson* (1974), 16 Ore. App. 560, 567-570, 519 P.2d 1053, 1057. Therefore, the defendant must make clear the grounds upon which he challenges the submission

---

2. This court has often held that if a reviewing court chooses to consider an issue not suggested by the parties on appeal but implicated by evidence in the record, the court of appeals should give the parties notice of its intention and an opportunity to brief the issue. *Toledo's Great E. Shoppers City, Inc. v. Abde's Black Angus Steak House No. III, Inc.* (1986), 24 Ohio St.3d 198, 202, 24 OBR 426, 430, 494 N.E.2d 1101, 1104; *C. Miller Chevrolet*, 38 Ohio St.2d at 301, 67 O.O.2d at 360, 313 N.E.2d at 403, fn. 3. In this case, however, there was an insufficient evidentiary basis in the trial court record upon which the reviewing court could decide the issue, and therefore briefing the legal issue would not have corrected the court of appeals' error.

of evidence pursuant to a warrantless search or seizure. *Id. United States v. Culotta* (C.A. 2, 1969), 413 F.2d 1343, 1345; *Duddles v. United States* (D.C. App. 1979), 399 A.2d 59, 61-62. Failure on the part of the defendant to adequately raise the basis of his challenge constitutes a waiver of that issue on appeal. *State v. Carter* (Utah 1985), 707 P.2d 656; see, also, *United States v. Di Stefano* (C.A. 2, 1977), 555 F.2d 1094; *United States v. Arboleda* (C.A. 2, 1980), 633 F.2d 985; *United States v. Hensel* (C.A. 1, 1983), 699 F.2d 18, 41; *State v. Kremer* (1976), 307 Minn. 309, 239 N.E.2d 476; *People v. Lyles* (1985), 106 Ill.2d 373 [87 Ill.Dec.934], 478 N.E.2d 291." *Id.* at 218-219, 524 N.E.2d at 892.

{¶ 13} To require the prosecution to prove the validity of every aspect of the search when there has been a stipulation to the facts and a narrowing of the issues would in effect permit a defendant to invite error. A party cannot be permitted to take advantage of an error that he himself invited or induced. *State v. Wilson* (1996), 74 Ohio St.3d 381, 396, 398, 659 N.E.2d 292, 307, 309; *State v. Hill* (1995), 73 Ohio St.3d 433, 444, 653 N.E.2d 271, 281; *State v. Seiber* (1990), 56 Ohio St.3d 4, 17, 564 N.E.2d 408, 422. If a party cannot rely upon a stipulation, then such stipulations should not be permitted. In the case *sub judice*, the parties stipulated to the facts, and appellee narrowed the issues to the specific situs of the search and the opening of the vial. Appellee cannot then complain of an error he himself induced by stipulation in the trial court.

{¶ 14} Appellee did not assert before the trial court that the police improperly impounded the vehicle without first finding that it would be vulnerable to theft, and therefore that the police failed to follow their established departmental impoundment policy. Rather, the only error appellee raised during the motion to suppress was "the situs, the timing of the inventory and the scope of the inventory." To further underscore the basis of the objection the defense attorney concluded that, "I just believe that the opening of the vial is improper  * * *. And so it would be

the scope of the inventory with regard to the opening of that container and the situs and timing of the inventory itself." The trial court agreed with the defense that the situs of the search was improper based on *State v. Smith* 1992), 80 Ohio App.3d 337, 609 N.E.2d 212 (A vehicle is not lawfully impounded until it is in the security of the station house and the police may not conduct a constitutional inventory search until then.). At no time did the trial court or the defense attorney raise any issues concerning whether the police followed departmental policy. It was only after the court of appeals found that the trial court's reliance on *Smith* was misplaced, finding that an inventory search does not have to take place at the station house, that the issue of the departmental policy was raised. The court of appeals should have ended its inquiry with the holding that *Smith* did not apply. Rather, the court of appeals went beyond the scope of the issues raised by the record below.

{¶ 15} We therefore hold that while an appellate court may decide an issue on grounds different from those determined by the trial court, the evidentiary basis upon which the court of appeals decides a legal issue must have been adduced before the trial court and have been made a part of the record thereof. A court of appeals cannot consider the issue for the first time without the trial court having had an opportunity to address the issue. Since the only issue which was properly before the court of appeals was the situs of the search and the opening of the vial, we will now proceed with a consideration of those two factors.

{¶ 16} We first consider whether it was necessary for the police to tow appellee's car to the police station or towing yard before conducting an inventory search. The United States Supreme Court has long answered this question in the negative. In *Colorado v. Bertine* (1987), 479 U.S. 367, 107 S.Ct. 738, 93 L.Ed.2d 739, the police inventoried the defendant's vehicle before the arrival of the tow truck. The Supreme Court noted inventory procedures serve (1) to protect an owner's property while it is in the custody of the police, (2) to insure against claims of lost, stolen, or vandalized property, and (3) to guard the police from danger. In

8

light of these purposes, the court noted that the exact location of the inventory search is not critical to effectuating these purposes and it therefore held that a search conducted prior to impoundment may be reasonable. *Bertine*, 479 U.S. at 372-373, 107 S.Ct. at 741-742, 93 L.Ed.2d at 745-746. Accordingly, the fact that an inventory search was conducted prior to impoundment does not automatically make the search unreasonable and unconstitutional.

{¶ 17} Finding that the police properly proceeded with an inventory search prior to towing the car, we next consider whether it was reasonable for the police to open the closed pill container found on the floor of the car. In *South Dakota v. Opperman* (1976), 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000, the United States Supreme Court specifically stated that an inventory search must be done "in accordance with standard procedures in the local police department," *id.*, 428 U.S. at 374-375, 96 S.Ct. at 3100, 49 L.Ed.2d at 1008, and that the search not be "a pretext concealing an investigatory police motive," *id.*, 428 U.S. at 376, 96 S.Ct. at 3100, 49 L.Ed.2d at 1009.

{¶ 18} In *State v. Hathman* (1992), 65 Ohio St.3d 403, 604 N.E.2d 743, paragraph one of the syllabus, this court followed the United States Supreme Court and held:

"To satisfy the requirements of the Fourth Amendment to the United States Constitution, an inventory search of a lawfully impounded vehicle must be conducted in good faith and in accordance with reasonable standardized procedure(s) or established routine. (*South Dakota v. Opperman* [1976], 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000; *Colorado v. Bertine* [1987], 479 U.S. 367, 107 S.Ct. 738, 93 L.Ed.2d 739; and *Florida v. Wells* [1990], 495 U.S. 1, 110 S.Ct. 1632, 109 L.Ed.2d 1, followed.)"

{¶ 19} In *Hathman*, this court considered whether the police officers' opening during an inventory search of a closed white plastic bag lodged beneath

the spare tire of the defendant's vehicle was constitutional. The *Hathman* court analyzed the United States Supreme Court opinions in *Opperman*, *Bertine*, and *Wells* and held that "the existence of a reasonable policy or procedure governing inventory searches in general is insufficient to justify the opening of closed containers encountered during the inventory search. Rather, *some articulated policy must also exist* which regulates the opening of containers found during the authorized inventory search." (Emphasis added.) *Hathman*, 65 Ohio St.3d at 408, 604 N.E.2d at 746. See, also, *id.* at paragraph two of the syllabus.

{¶ 20} The *Hathman* court held that the search was unreasonable and therefore unconstitutional because no evidence was presented showing that the Ohio State Highway Patrol had in existence at the time any standardized policy or practice specifically governing the opening of closed containers found during inventory searches. The United States Supreme Court found the inventory search conducted in *Wells* to be unreasonable for the identical reason. *Wells*, 495 U.S. at 4-5, 110 S.Ct. at 1635, 109 L.Ed.2d at 7.

{¶ 21} When, however, police impoundment policy specifically addresses the inventory of closed containers and governs the procedures to be used by the police, the opening pursuant to this policy of a closed container by the police is not pretextual and thus is reasonable for Fourth Amendment purposes.

{¶ 22} The evidence in the case *sub judice* shows that the Dayton Police Department has a written policy governing the property inventory of motor vehicles which specifically addresses the opening of closed containers. The policy requires that the police officers "[i]nventory property inside the vehicle's passenger compartment, glove box, console, and trunk prior to towing." They are further directed to "[o]pen and inventory the contents of closed containers (boxes, bags, unlocked suitcases, and briefcases), prior to locking them in the trunk. DO NOT open locked containers but list them as one item on the vehicle inventory. Any

10

closed container, locked or unlocked, taken to the Police Property Room, must be opened and its contents inventoried for safety purposes."

{¶ 23} We find that the above policy specifically addresses the inventory of closed containers and governs the procedures to be used by the police. The opening of the closed pill container by the police in the instant case was done pursuant to this policy and thus was reasonable for Fourth Amendment purposes.

{¶ 24} Accordingly, the motion to suppress was erroneously granted. We reverse the judgment of the court of appeals for the reasons stated and remand this cause to the trial court for further proceedings.

*Judgment reversed and cause remanded.*

MOYER, C.J., DOUGLAS, F.E. SWEENEY, COOK and STRATTON, JJ., concur.

PFEIFER, J., concurs in judgment only.

_____