OPINION
Defendant-appellant, Charles Ball, Jr., appeals his conviction in the Noble County Common Pleas Court on one count of unlawful possession of a dangerous ordnance.
On March 28, 1997, appellant's former live-in girlfriend, Tammy Preston (Preston), went to the Noble County Sheriff's Office and reported an incident which had occurred on January 18, 1997, in appellant's car. She stated that appellant was driving recklessly at speeds up to 130 miles per hour. Preston alleged that appellant struck her several times, stuck a gun without bullets to her head, and then held a switchblade knife to her throat.
On March 31, 1997, Preston and Sheriff Landon Smith went to Noble County Court. The judge issued a search warrant based upon Preston's sworn testimony. The warrant authorized search and seizure of a four-inch blue-handled switchblade and a .9mm Beretta handgun.
Upon conducting the search, the Sheriff's Department found a sawed-off shotgun and other contraband. The sheriff obtained a second warrant through his sworn testimony for the sawed-off shotgun and other contraband.
Appellant was indicted on May 29, 1997 on one count of unlawful possession of a dangerous ordnance, a felony of the fifth degree, in violation of R.C. 2923.17(A). On September 12, 1997, appellant moved to suppress the evidence seized as a result of the warrant. The trial court held a hearing on appellant's motion on October 15, 1997. On November 12, 1997, the trial court denied appellant's motion to suppress.
The case proceeded to jury trial on April 28, 1998, which resulted in a guilty verdict. On June 3, 1998, the trial court sentenced appellant to six months in the Noble County Jail. This appeal followed.
Appellant alleges in his first assignment of error that:
 "THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO SUPPRESS."
Under his first assignment of error, appellant advances three separate arguments. First, appellant argues that probable cause was lacking for the search warrant because the information provided by Preston was "stale." The dates to which appellant refers are January 18, 1997, the date upon which the information leading to the issued search warrant originated, and March 31, 1997, the date the search warrant was issued.
Appellant did not raise the issue of "stale" information in either his motion to suppress or at the hearing on the motion. Although "an appellate court may decide an issue on grounds different from those determined by the trial court, the evidentiary basis upon which the court of appeals decides a legal issue must have been adduced before the trial court and have been made a part of the record thereof. A court of appeals cannot consider the issue for the first time without the trial court having had an opportunity to address the issue." State v. Peagler
(1996), 76 Ohio St.3d 496, 501. The defendant's failure to adequately raise the basis of his challenge constitutes a waiver of that issue on appeal. Id., 76 Ohio St.3d at 501.
Second, appellant argues that probable cause was lacking for the search warrant because the information provided by Preston was false. App.R. 16(A)(7) requires that an appellant include in his brief an argument containing his contentions with respect to each assignment of error presented for review and the reasons insupport of the contentions, with citations to the authorities,statutes, and parts of the record on which appellant relies. In the absence of any cogent or articulable analysis, conclusory assertions will not suffice.
Here, appellant alludes to evidence that may have contradicted Preston's statement. However, appellant offers no citations to the record in support of his assertion. Nevertheless, in a hearing on a motion to suppress evidence, the trial court assumes the role of trier of facts and is in the best position to resolve questions of fact and evaluate the credibility of witnesses.State v. Lloyd (1998), 126 Ohio App.3d 95, 100. When faced with two equally plausible versions of the facts, we will not disturb the trial court's resolution of that dispute.
Third, appellant argues that the search warrant was invalid because the affidavit in support did not contain a seal. Crim.R. 41, governing the issuance of search warrants, sets forth no requirement that the affidavit contain a seal. Crim.R. 41(C), states in relevant part that "[a] warrant shall issue * * * only on an affidavit or affidavits sworn to before a judge of a court of record." In this case, the affidavit clearly reflects that it was sworn to before the judge and that the judge signed accordingly.
Having determined that each of appellant's three arguments are lacking in support, we find appellant's first assignment of error without merit.
Appellant alleges in his second assignment of error that:
 "THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO DISMISS."
On the day of trial appellant filed a motion to dismiss on speedy trial grounds. The trial court overruled the motion.
R.C. 2945.71(C) provides in relevant part:
"(C) A person against whom a charge of felony is pending:
"* * *
 "(2) Shall be brought to trial within two hundred seventy days after the person's arrest."
Appellant was indicted for unlawful possession of a dangerous ordnance in violation of R.C. 2923.17(A) on May 29, 1997. Appellant was arrested on this charge on August 19, 1997, and tried on April 28, 1998. The total number of days from arrest to trial is two hundred fifty-one. Appellant's motion to suppress filed on September 12, 1997, and the subsequent denial of that motion filed on November 12, 1997, tolled the time for trial by sixty-one days.
Appellant was arrested on March 31, 1997, for the alleged assault on Preston. Appellant argues that at that time, plaintiff-appellant, State of Ohio, had all of the information necessary to charge him with the unlawful possession of a dangerous ordnance and, therefore, the time for speedy trial commenced to run on that date.
However, the Ohio Supreme Court has held "that in issuing a subsequent indictment, the state is not subject to the speedy-trial timetable of the initial indictment, when additional criminal charges arise from facts different from the original charges[.]" State v. Baker (1997), 78 Ohio St.3d 108, 110.
In this case, appellant's arrest on March 31, 1997, arose from his alleged assault of Preston. Appellant's arrest on August 19, 1997, for unlawful possession of a dangerous ordnance arose from the sheriff's discovery of a sawed-off shotgun in appellant's home while conducting a search for other items. These are distinct offenses arising from separate facts and circumstances.
Accordingly, appellant's second assignment of error is without merit.
The judgment of the trial court is hereby affirmed.
APPROVED:
 ________________________________ GENE DONOFRIO, JUDGE
VUKOVICH, J., and WAITE, J., concurs.