DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant Raymond Smith has appealed his conviction for murder. This Court affirms.
 I.
During April 1998, Defendant was indicted for one count of murder by the Lorain County Grand Jury for the stabbing death of Jeffery Geiger. Defendant and Geiger had been involved in a physical altercation, in which Defendant pulled a knife, allegedly for self-defense, and mortally wounded Geiger.
During June 2000, the matter was tried to a jury. Prior to opening statements, the State moved to exclude certain expert testimony that Defendant intended to present regarding his mental state and abilities at the time of the fight. Specifically, the State claimed that the expert's testimony was inadmissible expert testimony on diminished capacity. Defendant's trial counsel countered, arguing that Defendant was a "slow learner" and "didn't understand things." As a result, counsel explained that the expert was being called to testify as to whether Defendant could have formed the requisite criminal intent. The trial court asked if Defendant's counsel could offer any legal authority to support the expert testimony's admission. When trial counsel responded in the negative and that it was simply a matter of logic, the State's motion in limine was granted. The trial court, however, informed Defendant's trial counsel that if he could provide caselaw to support admission of the expert testimony, the matter would be revisited. The trial proceeded, but Defendant's counsel never produced any such legal authority.
Thereafter, the jury found Defendant guilty on the sole count of the indictment, and the trial court sentenced him accordingly. Defendant has appealed, asserting two assignments of error.
 II. First Assignment of Error The trial court erred by refusing to allow relevant expert testimony about [Defendant's] mental and/or psychological condition and state of mind at the time of the offense, limiting the presentation of evidence supporting [Defendant's] theory of self-defense, thereby denying [Defendant] the rights guaranteed [to] him by the Sixth and Fourteenth Amendments of the Constitution and Article I, Section 10 of the Ohio Constitution.
For his first assignment of error, Defendant has argued that he was denied a fair trial because, pursuant to Ohio caselaw, the trial court should have allowed expert psychiatric testimony on the issue of self-defense. In support of his argument, Defendant has invoked this Court's holding in State v. Thomas (1983), 13 Ohio App.3d 211, and other appellate decisions. However, he failed to raise this argument at the trial court, where trial counsel only argued that the proposed testimony was permissible to show whether Defendant could have formed the requisite criminal intent. Generally, this Court will not consider any error that counsel could have called, but did not call, to the trial court'sattention at a time when that error could have been avoided or corrected. See State v. Peagler (1996), 76 Ohio St.3d 496, 499. Consequently, Defendant cannot raise this argument for the first time on appeal and has waived it, absent plain error. The circumstances of this case do not rise to such a level. The first assignment of error is overruled.
 Second Assignment of Error [Defendant] was denied his right to effective assistance of counsel as guaranteed by Article I, Section 10 of the Ohio Constitution and the Sixth and Fourteenth Amendments to the United States Constitution when [trial] counsel failed to provide the trial court with supporting case law regarding the permissibility of expert psychiatric testimony in cases of self-defense.
For his second assignment of error, Defendant has argued that he was deprived of his right to effective assistance of counsel because trial counsel failed to offer any caselaw to support Defendant's position on the admission of expert testimony when the trial court requested such precedent. However, a defendant is only denied effective assistance of counsel when his attorney's performance falls below an objective standard of reasonable representation, and the defendant is prejudiced as a result. State v. Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus. Indeed, a strong presumption exists that trial counsel's conduct falls within the wide range of reasonable professional assistance, and to show prejudice, a defendant must prove that "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." Id., at paragraph three of the syllabus. For the following reasons, this Court concludes that Defendant has not demonstrated prejudice, i.e. that his prosecution would have had a different result if trial counsel had produced legal authority as requested and the expert had testified.
A review of the expert's report, which is the only evidence in the record setting forth the sum and substance of what the expert would have said had he taken the witness stand, indicates that Defendant suffered from a chronic and severe psychiatric disorder with depressive and psychotic symptoms. However, the report also states that Defendant felt remorse, could appreciate right and wrong and was cognizant of the consequences of his actions. At best, this supports a claim that Defendant was without the mental capacity to form the intent required for murder, that is to say that he suffered from diminished capacity.[1]
Thus, Defendant's argument on appeal amounts to nothing more than pure conjecture that the expert testimony would have buttressed Defendant's self-defense claim. In the end, Defendant has not demonstrated that the expert's testimony would have supported his self-defense claim, let alone carry the day. His second assignment of error is, therefore, overruled.
 III.
Defendant's assignments of error are overruled. The judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
___________________________ BETH WHITMORE
SLABY, P. J., CARR, J., CONCUR.
[1] This Court and the Ohio Supreme Court have rejected the defense ofdiminished capacity. See, e.g., State v. Mitts (1998), 81 Ohio St.3d 223,227 ("Moreover, the trial court could have excluded the testimony because, except in the mitigation phase, `a defendant may not offer expert psychiatric testimony, unrelated to the insanity defense, to show that, due to mental illness, intoxication, or any other reason, he lacked the mental capacity to form the specific mental state required for a particular crime or degree of crime.'" (Citation omitted.)); State v.Wilcox (1982), 70 Ohio St.2d 182, paragraph one of the syllabus ("The partial defense of diminished capacity is not recognized in Ohio."); Statev. McCray (1995), 103 Ohio App.3d 109, 118 ("Ohio does not recognize a partial defense of diminished capacity; a defendant may not offer psychiatric testimony, unrelated to the insanity defense, to show that the defendant lacked the mental capacity to form the specific mental state required for conviction of a crime."). Hence, the trial court acted properly by excluding the testimony on these grounds by following this Court's precedent and that of the Ohio Supreme Court.