{¶ 1} I respectfully dissent from the majority's opinion. I would not address the four assignments of error raised by ISOP. Instead, I would address an issue not specifically assigned as error by ISOP, but raised as error by the other three insurance carriers in the related appeals.[1] In State v. Peagler, 76 Ohio St.3d 496, 1996-Ohio-73, the Ohio Supreme Court recognized that App.R. 12(A)(2)[2] allows a court of appeals discretion in deciding to address an issue not briefed or raised below. Id. at 499. However, if a court of appeals "* * * chooses to consider an issue not suggested by the parties on appeal but implicated by evidence in the record, the court of appeals should give the parties notice of its intention and an opportunity to brief the issue." Id. at f.n. 2. Further, "* * * there must be sufficient evidentiary basis in the record before the reviewing court upon which it can decide a particular legal issue." (Emphasis sic.)
 {¶ 2} I would conclude that it is not necessary to give the parties notice since the issue has been thoroughly briefed by three other insurance carriers and appellees in related cases. Accordingly, I would proceed to determine whether appellees are legally entitled to recover under R.C. 3937.18(A). Pursuant to my previous decisions in Fish v. OhioCas. Ins. Co., Stark App. No. 2003CA00030 and Fish v. Cas. Ins. Co., Stark App. No. 2003CA00041, I would find that appellees are not legally entitled to recover as they failed to bring a wrongful death action within two years of the date of Eleni's death.
 {¶ 3} Therefore, I would find ISOP's First, Second, Third and Fourth Assignments of Error moot because appellees are not legally entitled to recover.
[1] Welsh v. Indiana, Case Nos. 2002CA00370; 2002CA00378; and 2002CA00376.
[2] App.R. 12(A)(2) provides as follows: "The court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)."