OPINION
{¶ 1} Defendant-appellant, Tammy Matheny, appeals her conviction in Preble County Court of Common Pleas, arguing that her guilty pleas should be set aside because of an alleged conflict of interest on the part of the prosecuting attorney.
 {¶ 2} Appellant's trial counsel and the Preble County Prosecutor negotiated a plea agreement in 2002 wherein appellant agreed to plead guilty to 35 predominately theft-related felony charges. The plea agreement included both the dismissal of other charges in the indictment and a sentencing recommendation.
 {¶ 3} The trial court accepted appellant's guilty pleas and set the matter for sentencing. Appellant failed to appear for sentencing and a capias was issued for her arrest. Appellant was eventually arrested in Kentucky and returned to Ohio. The trial court followed the sentencing recommendation in the plea agreement and sentenced appellant to a total of nine years in prison. In 2004, this court granted appellant's motion to file a delayed appeal. Appellant presents two assignments of error on appeal.
 {¶ 4} Assignment of Error No. 1:
 {¶ 5} "The plea entered into by the defendant-appellant was not given in a knowing, voluntary, and intelligent manner as a result of a conflict of interest that existed between the prosecuting attorney and the defendant-appellant."
 {¶ 6} Assignment of Error No. 2:
 {¶ 7} "The defendant-appellant was deprived her right [sic] to effective assistance of counsel as a result of counsel's failure to bring the conflict of interest that existed between the prosecutor and the defendant-appellant to the court's attention."
 {¶ 8} Appellant's allegations, which are included only by argument in her appellate brief, indicate that the prosecuting attorney had a conflict of interest in prosecuting this case because of "relationship[s]" or contacts with and between appellant, the prosecuting attorney, and both families. Appellant also alleges in her appellate brief that she informed one of her trial attorneys about the alleged conflict of interest during the pendency of her case. Appellant argues that, as the result of the conflict of interest, her pleas were not knowingly, voluntarily, and intelligently given.
 {¶ 9} First, we note that appellant failed to cite to the record in support of her claimed errors. This court may disregard an assignment of error presented for review if the party raising the error on which the assignment of error is based has failed to identify in the record the error on which the assignment of error is based. App.R. 12(A)(2).
 {¶ 10} After reviewing the record before us,[1] it is apparent that appellant did not cite to the record in support of her allegations of conflict of interest because there is nothing in the record to support those allegations. On a direct appeal, this court is limited to the record in the trial court below. State v. Robison, Licking App. No. 02CA00015, 2002-Ohio-7216, at ¶ 44; State v. Peagler, 76 Ohio St.3d 496,499, 1996-Ohio-73.[2]
 {¶ 11} Appellant's appellate counsel states in the brief that a conflict of interest existed, but, as previously stated, the record before us reveals no indication of any facts or information that raise or relate to the issue of a conflict of interest by the prosecutor and no indication that appellant's trial counsel was informed of or had any knowledge of an alleged conflict of interest by the prosecutor. State v. McQueen (June 26, 2000), Butler App. No. CA99-05-083, (if establishing ineffective assistance of counsel requires proof outside the record, then such claim is not appropriately considered on direct appeal); see State v. Hartman, 93 Ohio St.3d 274, 299, 2001-Ohio-1580.
 {¶ 12} We are unable to engage in any analysis of the alleged conflict of interest and the ramifications thereof to appellant's guilty pleas, or of the alleged ineffective assistance of counsel based upon the failure to raise below the alleged conflict of interest.
 {¶ 13} Therefore, there is nothing in the record to support appellant's claim that her plea was not knowingly, voluntarily, and intelligently made. Crim.R. 11; see State v. Laster, Montgomery App. No. 19387, 2003-Ohio-1564, at ¶ 8. Appellant's two assignments of error are overruled.
 {¶ 14} Judgment affirmed.
Powell, P.J., and Walsh, J., concur.
[1] The record included a transcript of the plea hearing and the sentencing hearing.
[2] It appears uncontested in the record that the issue of a conflict of interest by the prosecutor was never raised with the trial court.