OPINION
{¶ 1} Appellant Sero D. Askew appeals the January 20, 2006, judgment of the Stark County Court of Common Pleas, denying his Petition for Post-Conviction Relief.
 {¶ 2} Appellee is State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 3} On April 26, 2004, the Stark County Grand Jury indicted appellant on two counts of trafficking in cocaine, in violation of R.C. 2925.03(A)(2)(C)(4)(f); one count of trafficking in cocaine, in violation of R.C. 2925.03(A)(2)(C)(4)(g), with a major drug offender specification; two counts of possession of cocaine, in violation of R.C. 2925.11(A)(C)(4)(e); and one count of possession of cocaine, in violation of R.C.2925.11(A)(C)(4)(f), with a major drug offender specification. Appellant entered a plea of not guilty to the indictment at his arraignment on April 30, 2004. During pre-trial proceedings, appellant filed a motion to suppress evidence and motion to suppress statements. The trial court conducted a hearing on the motions on June 4, 2004, and June, 11, 2004.
 {¶ 4} Special Agent Harry Tideswell of the U.S. Department of Justice Drug Enforcement Agency ("DEA") testified the DEA had received information appellant was a large-scale drug distributor and was residing in North Canton, Ohio. The DEA also had information the Las Vegas, Nevada DEA had seized $70,000 from appellant, which he had accumulated through illegal activities, in January, 2004. Based upon this information, local law enforcement agencies, the DEA, and the FBI began investigating appellant in March, 2004. The DEA further knew appellant was driving a rental vehicle with out of state license plates as well as a burgundy suburban with Minnesota license plates.
 {¶ 5} On March 9, 2004, Agent Tideswell learned a confidential informant had set up a drug transaction with appellant during which appellant would supply the confidential informant with 4½ oz. of crack cocaine. Law enforcement officials were provided with information relative to the location of the transaction, the route appellant would travel, and the type of vehicle appellant would be driving. Agent Tideswell and other officers set up surveillance in the area and planned a traffic stop of appellant.
 {¶ 6} Darrell Pierson of the Canton Police Department was on routine patrol in a marked police cruiser when undercover agents advised him they needed a marked car in the area of the 1300 block of East Tuscarawas Street in the City of Canton. The undercover agent instructed Pierson to be on the lookout for a maroon, 4-door vehicle with Nevada license plates. Shortly thereafter, Pierson observed the vehicle and proceeded to follow it. The officer paced the vehicle and estimated its speed at 52 mph in a 35 mph zone. Pierson contacted the agents and effectuated a traffic stop.
 {¶ 7} Upon approaching the vehicle, Officer Pierson asked appellant for his driver's license and registration. Appellant began moving around inside the vehicle in an attempt to reach something, which later turned out to be his cell phone. For officer safety, Officer Pierson instructed appellant to exit the vehicle. Appellant refused to comply. Det. Bryan Allen with the FBI taskforce arrived as backup and the two officers physically removed appellant from the vehicle. Appellant became combative and the officers took him to the ground. Officer Pierson handcuffed appellant and conducted a pat-down search. During the pat-down search, the officer felt a large lump in appellant's right front pocket, which was subsequently determined to be 4½ oz of crack cocaine.
 {¶ 8} Appellant was transported to the Stark County FBI office, where he was advised of his Miranda rights. Other than providing officers with "pedigree information," i.e., name, date of birth, prior arrests, Appellant refused to talk to the agents. As a result of his refusal to cooperate with the agents, appellant was taken to the Stark County Jail.
 {¶ 9} At some point, officers examined Appellant's cellular phone and retrieved telephone numbers therefrom. From said numbers, the police were able to locate the residence of Appellant's girlfriend.
 {¶ 10} Later that evening, agents proceeded to a residence located at 1207 Strawberry Court in North Canton, Ohio. Tomeca Neal, appellant's girlfriend, leased the residence, which she shared with appellant and their daughter. The agents observed a burgundy suburban with Minnesota license plates parked in the driveway. Appellant had previously told the agents he no longer had the vehicle.
 {¶ 11} Agent Tideswell and two other officers knocked on the door of the residence. Agent Tideswell explained to Neal he and the other two agents wanted to search the residence. Neal allowed the agents to enter the residence and inquired as to the perimeters of the search. The agents informed her they were looking for drugs, weapons, and large sums of money which they believed belonged to appellant.
 {¶ 12} Agent Tideswell entered the kitchen, sat down and began to fill out the consent to search forms. While in the kitchen, he noticed a digital scale and a large amount of cash in plain view. Neal subsequently signed the consent forms which permitted the agents to search the residence as well as the suburban parked in the driveway. Neal advised Agent Tideswell the digital scale and the cash belonged to appellant. During the search, the agents discovered a large amount of powder and crack cocaine.
 {¶ 13} The following day, March 10, 2004, Agents Tideswell, James Monigold of the Stark County Metro Narcotics Unit, and Mark McMurty of the FBI spoke with appellant at the Stark County Jail. They informed appellant they had searched appellant's residence and found a large amount of cocaine and money. Appellant signed a waiver of rights form and agreed to give a statement.
 {¶ 14} On April 26, 2004, Appellant was indicted on one count of trafficking in cocaine with a major drug offender specification, in violation of R.C. 2925.03(A)(2), two (2) counts of Trafficking in Cocaine, in violation of R.C. 2925.03(A)(2), one count of possession of cocaine with a major drug offender specification, in violation of R.C. 2925.11(A), and two (2) counts of possession of cocaine, in violation of R.C. 2925.11(A).
 {¶ 15} Appellant initially pleaded not guilty to the charges and specifications.
 {¶ 16} Appellant filed a Motion to Suppress evidence arguing that the warrantless search of his girlfriend's house was illegal because the girlfriend's consent to said search was not voluntarily given.
 {¶ 17} On June 4, 2004, a suppression hearing was held. In addition to voluntariness of the consent argument, the Court allowed Appellant to raise other arguments. The issue of the search of appellant's cellular phone memory was not raised at said hearing.
 {¶ 18} Based upon the evidence presented at the suppression hearings, the trial court found that Appellant's girlfriend's consent to the search of the premises was knowingly, voluntarily and thoughtfully given. The court further found that Appellant's waiver of his rights was not unlawfully obtained. The trial court memorialized its decision via Judgment Entry filed June 28, 2004.
 {¶ 19} Thereafter, on August 4, 2004, appellant, pursuant to a negotiated plea agreement, appeared before the trial court and entered a plea of no contest to the indictment. The trial court found appellant guilty of all the charges contained in the indictment and proceeded to sentencing. The trial court imposed an aggregate term of imprisonment of fifteen years, suspended appellant's driver's license for five years, and fined him $10,000.
 {¶ 20} Appellant appealed his conviction in State v. Askew,
Stark App. No. 2004CA00275, 2005-Ohio-3194, which was affirmed by this Court on June 20, 2005.
 {¶ 21} In said appeal, Appellant raised five assignments of error, four of which challenged the trial court's ruling as to the evidence seized by the police and one challenging the court's ruling on Appellant's statements to the police.
 {¶ 22} The first assignment of error raised in the prior appeal was as follows:
 {¶ 23} "THE TRIAL COURT ERRED WHEN IT FAILED TO SUPPRESS THE EVIDENCE FOUND IN A SEARCH OF THE APPELLANT MR. SERO ASKEW'S HOME WHICH WAS THE PRODUCT OF AN ILLEGAL SEARCH OF THE TELEPHONE NUMBERS CONTAINED IN HIS CELL PHONES [SIC] MEMORY AS THE SEARCH WAS A VIOLATION OF MR. ASKEW'S RIGHT TO PRIVACY GUARANTEED UNDER THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I SECTION 14 OF THE OHIO STATE CONSTITUTION."
 {¶ 24} In ruling upon such assignment, this Court held:
 {¶ 25} "In his first assignment of error, appellant argues the trial court erred in failing to suppress the evidence found during the search of his residence. Specifically, appellant claims the police violated his constitutional right to privacy by illegally searching information contained in the memory of his cell phone, information which ultimately led them to the residence at 1207 Strawberry Court. Appellant argues his cell phone is a personal effect in which he had a legitimate expectation of privacy.
 {¶ 26} "Although the instant assignment of error raises an interesting legal issue, we need not address it. Appellant did not raise this issue in his motion to suppress. The only issue raised in the motion was whether Tomeca Neal's consent to search the residence was voluntarily given. Having failed to raise the cell phone issue to the trial court, appellant has waived this issue on appeal. Crim. R. 12; State v. Peagler (1996),76 Ohio St.3d 496, 501, 1996-Ohio-73.
 {¶ 27} "Appellant's first assignment of error is overruled."
 {¶ 28} On September 6, 2005, Appellant filed an application to reopen his appeal pursuant to App.R. 26(B).
 {¶ 29} On November 1, 2005, this Court denied said application.
 {¶ 30} On August 4, 2005, Appellant filed an appeal with Ohio Supreme which was denied as not involving any substantial question.
 {¶ 31} On November 18, 2005, Appellant filed a Petition for Post-Conviction Relief.
 {¶ 32} The State filed a response to said petition requesting that same be dismissed on timeliness grounds.
 {¶ 33} By judgment entry dated January 20, 2006, the trial court granted the State's motion and dismissed Appellant's Petition.
 {¶ 34} It is from this judgment entry that Appellant now appeals, assigning the following errors for review:
 ASSIGNMENTS OF ERROR {¶ 35} "I. THE TRIAL ERRED IN GRANTING THE APPELLEE SUMMARY JUDGMENT WHEN THERE WERE GENUINELY DISPUTED ISSUES OF MATERIAL FACT REQUIRING AN EVIDENTIARY HEARING.
 {¶ 36} II. THE TRIAL COURT ERRED WHEN IT RULED THAT THE APPELLANT'S DELAYED POST-CONVICTION PETITION DID NOT MEET THE STATUTORY CRITERIA OF R.C. 2953.23"
 II. {¶ 37} We shall address Appellant's assignments of error out of order:
 {¶ 38} In his second assignment of error, appellant argues that the trial court erred in finding that his Petition did not meet one of the statutory exceptions of R.C. 2953.23(A) to the timeliness requirement. We disagree.
 {¶ 39} R.C. 2953.21(A)(2), provides:
 {¶ 40} "Except as otherwise provided in section 2953.23 of the Revised Code, a petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal."
 {¶ 41} Appellant concedes that his petition was not timely pursuant to the above requirements, but argues that he should have been allowed to file pursuant to exceptions contained in R.C. 2953.23(A), which provides:
 {¶ 42} "(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:
 {¶ 43} "(1) Both of the following apply:
 {¶ 44} "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 {¶ 45} "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence."
 {¶ 46} Specifically, Appellant argues that he was unavoidable prevented from discovering the facts to support an argument for ineffective assistance of counsel for failure to raise the issue of the cellular phone in a suppression motion.
 {¶ 47} We find such argument unpersuasive in that Appellant was in fact aware of such issue at the time of the direct appeal in this matter as evidenced from his first assignment of error in that appeal as set forth above.
 {¶ 48} Furthermore, Appellant has not shown that the search of his cellular phone was in fact illegal or how suppression of same would have led to him being found not guilty of the charges in this case.
 {¶ 49} Appellant's second assignment of error is overruled.
 I. {¶ 50} Based on our disposition of Appellant's second assignment of error, we shall not address Appellant's first assignment of error.
 {¶ 51} This cause is affirmed.
By: Boggins, J. Wise, P.J and Hoffman, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas, is affirmed. Costs assessed to appellant.