{¶ 35} I respectfully dissent from the opinion of the majority.
 {¶ 36} This is not a case where the issue of contempt is in dispute. The parties met and agreed that appellant was not going to comply with the trial court's order. They essentially stipulated to a finding of contempt. The order is self-executing. If the payment was not made, imposition of the fine went into effect. It is clear that it was the desire of the parties to move on to this court for a resolution of the dispute.
 {¶ 37} This court posed the question concerning a final, appealable order to the parties for the first time at oral argument. Both parties argued that the order in question is, in fact, a final, appealable order. This court has given neither party an opportunity to brief the issue. App. R. 12(A)(2) allows an appellate court to consider issues not briefed by the parties. State v. Peagler (1996), 76 Ohio St.3d 496, 499. However, "* * *, when a court of appeals chooses to consider an issue not briefed by the parties, the court should notify the parties and give them an opportunity to brief the issue." State v. Blackburn, 11th Dist. No. 2001-T-0052, 2003-Ohio-605, at ¶ 45. (Citation omitted.)
 {¶ 38} Nevertheless, since it is beyond question that the parties agree that there is contempt, no compliance by appellant, and a penalty imposed, we should proceed to a determination of the assignment of error in the interest of judicial economy and expense. *Page 1