[Cite as *State v. Whaley*, 2011-Ohio-2685.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY

STATE OF OHIO                          :
                                       :        Appellate Case No. 2010-CA-37
          Plaintiff-Appellee           :
                                       :        Trial Court Case No. CRB 1000103
v.                                     :
                                       :        (Criminal Appeal from Fairborn
JEFFREY C. WHALEY                       :         Municipal Court)
                                       :
          Defendant-Appellant          :
                                       :

. . . . . . . . . . .

O P I N I O N

Rendered on the 3rd day of June, 2011.

. . . . . . . . . . .

BETSY A. DEEDS, Atty. Reg. #0076747, Fairborn Municipal Prosecutor's Office, 510 West
Main Street, Fairborn, Ohio 45324
          Attorney for Plaintiff-Appellee

ADAM JAMES STOUT, Atty. Reg. #0080334, 2533 Far Hills Avenue, Dayton, Ohio 45419
          Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.

{¶ 1}    Jeffrey C. Whaley appeals from the Fairborn Municipal Court's judgment entry

imposing on him the suspended portion of his sentence.

{¶ 2}    On April 22, 2010, Whaley pleaded guilty to violating a temporary protection

order. The municipal court sentenced him to 180 days in jail, 90 days suspended on the

condition that he maintain good behavior for two years.

{¶ 3} On April 30, 2010, the State moved to impose the suspended 90 days because Whaley had been charged in Dayton Municipal Court with violating the very same protection order in Montgomery County. At the outset of the hearing on the State's motion, the Fairborn court said that it would take judicial notice that Whaley was convicted in Dayton Municipal Court on one count of violating the protection order. After hearing argument from counsel and allowing Whaley to speak, the trial court sustained the State's motion and ordered Whaley to serve the full 180 days (minus one day of jail-time credit).

{¶ 4} In his sole assignment of error, Whaley contends the trial court erred by taking judicial notice of his conviction in Dayton Municipal Court and using the conviction as the basis to impose the suspended portion of his sentence. Whaley argues that a court cannot take judicial notice of a prior conviction. By doing so at the outset of the hearing, Whaley claims, the trial court improperly placed on him the burden to address the conviction. We find no reversible error because Whaley admitted that he violated the protection order in Montgomery County.

{¶ 5} At the hearing, Whaley's attorney admitted that he pleaded guilty in Dayton Municipal Court to violating the protection order. "Admissions of fact by attorneys are generally binding on their clients." *State v. Rowland* (Aug. 8, 1997), Greene App. No. 96 CA 135 (Citations omitted.). In trying to convince the court that his violation of the protection order in Montgomery County was innocent, Whaley's attorney pertinently said:

{¶ 6} "[H]e pled guilty in Montgomery County court."

{¶ 7} "* * *

{¶ 8} "[] I know that technically he violated it again, in Montgomery County. He didn't have a defense to it and he pled to it. But as far as imposing any additional time, I would ask that you not do that, Your Honor, given the circumstances." (Tr. 6).

{¶ 9} These statements constitute a judicial admission by Whaley that he in fact violated the protection order in Montgomery County. There is no burden-of-proof issue, like Whaley claims. We conclude that the trial court properly imposed the suspended portion of Whaley's sentence based on an admitted fact. See id. (concluding that the defendant was convicted for domestic violence based on a judicial admission of paternity).

{¶ 10} Although the trial court did not impose the suspended sentence based on Whaley's judicial admission, we may decide the validity of the imposition on this basis. The Ohio Supreme Court has held that "an appellate court may decide an issue on grounds different from those determined by the trial court[] [if] the evidentiary basis upon which the court of appeals decides a legal issue * * * [was] adduced before the trial court and * * * [was] made a part of the record thereof." *State v. Peagler* (1996), 76 Ohio St.3d 496, 501. The evidentiary basis of our decision–Whaley's admission–plainly satisfies these conditions.

{¶ 11} The sole assignment of error is overruled, and the judgment is Affirmed.

. . . . . . . . . . . .

GRADY, P.J., and DONOVAN, J., concur.

Copies mailed to:

Betsy A. Deeds
Adam J. Stout
Hon. Beth W. Root