JOURNAL ENTRY AND OPINION
Defendant-appellant, Robert J. Edel, appeals the decision of the Cuyahoga County Common Pleas Court sentencing him to a seventeen-month term of imprisonment after pleading guilty to one count of gross sexual imposition. For the reasons that follow, we vacate appellant's sentence and remand for resentencing.
A review of the record reveals that appellant had been a long-time friend of the seventeen-year-old victim's family and that the victim often baby-sat for appellant's two pre-school age children. March 11, 2000 was one such day that the victim was asked to watch appellant's children. While babysitting duties appeared to be part of the day's activities, appellant also proceeded to obtain liquor for the victim and, in so doing, was partly responsible for getting the victim intoxicated. It was while she was in this compromised state that appellant kissed her, fondled her breasts and placed his hands on her vagina.
The next day, the victim's mother reported this incident to the Highland Heights Police Department and appellant was eventually indicted for three counts of gross sexual imposition, in violation of R.C. 2907.05, and one count of attempted sexual battery, in violation of R.C. 2907.03
and 2923.02. Sometime thereafter appellant pleaded guilty to one count of gross sexual imposition, a fourth degree felony, while the remaining charges were nolled. A presentence investigation report was ordered and appellant was thereafter sentenced to a seventeen-month term of imprisonment and fined $250.
Appellant is now before this court and assigns one error for our review. Succinctly, he complains that the trial court considered unsubstantiated allegations made by the victim's mother when sentencing him to the term of imprisonment that it did. As a result, appellant asks this court to vacate his plea and conviction or, in the alternative, remand for resentencing.
R.C. 2929.14 governs the imposition of prison terms for felony convictions and, as applicable to this case, provides for prison terms of six to eighteen months for fourth degree felonies. R.C.2929.14(A)(4). Moreover, if the offender has not previously served a prison term, R.C. 2929.14(B) requires the trial court to impose "the shortest prison term * * * unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
The overriding purpose of felony sentencing is to protect the public from future crime by the offender and others and to punish the offender. R.C. 2929.11(A).
 To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.
R.C. 2929.11(A).
While a court that imposes a sentence under R.C. Chapter 2929 has the discretion to determine the most effective manner in which to achieve this purpose, it must consider the factors set forth in R.C. 2929.12(B) and (C) regarding the seriousness of the offender's conduct and those in R.C. 2929.12(D) and (E) regarding the offender's likelihood of recidivism. When the victim suffers physical, psychological or economic harm, the seriousness of the offense increases. R.C. 2929.12(B). If the offender does not cause or expect to cause physical harm to persons or property or if the offender acted under strong provocation, the offender's conduct is considered less serious. R.C. 2929.12(C). In determining the offender's likelihood of recidivism, the court considers the offender's criminal history, responsiveness to previous criminal sanctions, history of drug or alcohol abuse and remorse for the offense. R.C. 2929.12(D) and (E).
During the sentencing hearing, the victim's mother was given an opportunity to address the court. She stated that she has known appellant since he was a baby and that his mother was her dearest friend. Discounting his attorney's explanation for appellant's behavior, she continued:
 VICTIM'S MOTHER: * * * Everything that his attorney says is a crock, and I'm sorry that I have to use that kind of language, but he has victimized so many people. * * *
 There's a young woman sitting in this courtroom today that never even got to hold a baby in her arms and she blames him because he victimized her too. She didn't have the chance to bring up a child, because she was so traumatized by this stuff that he put her through and she lost that baby.
THE COURT: Who was that, ma'am?
 VICTIM'S MOTHER: Because she was too busy trying to deal with him while her baby was having surgery.
THE COURT: Who is that?
The victim's mother thereafter gave the trial court judge the name of the individual. The mother then continued:
 VICTIM'S MOTHER: He didn't learn from that. He didn't care. He went on to bigger and better things. He is sick. There's no amount of time that he could get that could justify this.
* * *
 My daughter has to live with this the rest of her life. Just because he might go to jail, you might give him probation, she still has to live with this for the rest of her life. It is not something that she's going to get over. He will be over with this as soon as his time is served. Believe me, I know. I have heard enough morbid stories and sick stories. He victimized his own mother on her death bed.
THE COURT: Why do you say that?
VICTIM'S MOTHER: Because I know it. I know it.
THE COURT: What did he do?
 VICTIM'S MOTHER: He was drunk, drunk, doing drugs. They had to call him the day that she was dying telling him this was her last day. He better get there. Oh, do I have to? Brings her home from chemotherapy and just dumps her. Her nieces and nephews had to come over and take care of her because he wouldn't do it.
While the trial judge's comments regarding her interest in the victim's mother's knowledge of appellant's past conduct, substantiated or unsubstantiated, gives us pause, of greater concern to this court, is the trial court's failure to consider the applicability of R.C. 2929.14(B). Reiterating, this statutory provision states:
 * * * if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others. (Emphasis added.)
In sentencing appellant, the trial court judge stated:
 The Court has considered all of the information that has been provided to it. The court takes the following factors into consideration in the sentencing: The Court considers that the victim in this case was nearly 17 years of age, that at some point she was taken out to the two separate bars and was intoxicated by the aid and assistance of the defendant, that the defendant used that intoxication as a means of kissing her face and neck, rubbing her breasts and placing his hands on her vagina.
 The Court does find that probation is — that the relationship with the victim facilitated the offense, that the victim suffered serious psychological, physical and economic harm as a result of the offense, that there's been a prior adjudication of delinquency for him or history of criminal convictions, that the crime is a sex offense. The Court finds, therefore, the defendant is not amenable to an available community control sanction. Therefore, the sentencing of the Court is $250 and costs, 17 months at the Lorain Correctional Institution.
The trial court does state on the record that appellant has a "history of criminal convictions." The presentence investigation report supports that appellant pleaded no contest to defrauding a hostelry and was fined $31 sometime in 1991 and that he likewise pleaded no contest to a charge of assault and spent "ten days in jail" in 1997. While appellant had other charges filed against him in 1996 and 1999, he was either acquitted of those charges or they were dismissed. Of the charges for which appellant was convicted, a prison term was not imposed as part of any of the sentences. Time spent in "jail" is not equivalent to serving a prison term. See R.C. 2929.01(V) and 2929.01(CC); see, also, State v. Edmonson
(1999), 86 Ohio St.3d 324, 328, fn. 1; State v. Cook (Dec. 7, 2000), Cuyahoga App. No. 77101, unreported at 10, 2000 Ohio App. Lexis 5712. Since appellant had not previously served a prison term, the court was then required to state on the record its reasons for imposing a term of imprisonment in excess of the minimum. Indeed, the appellant's past conduct may support the conclusion that to impose the minimum sentence in this case would demean the seriousness of the offense or not adequately protect the public. Nonetheless, the record does not support that the trial court even considered the minimum sentence let alone that it stated its reasons for choosing to depart from that minimum. Its failure to do so requires this court to remand for resentencing. Id.
We are mindful that appellant has not raised this issue as an assignment of error. Nonetheless, App.R. 12(A) permits this court, in its discretion and in the interest of justice, to consider assignments of error not properly raised as long as the parties are given an opportunity to brief and argue the issue. See State v. Peagler (1996),76 Ohio St.3d 496, 499; see, also, Crim.R. 52(B). Having done so, our conclusion is unchanged. Indeed, the parties agreed at oral argument that the trial court's imposition of sentence did not appear to comport with the requirements of R.C. 2929.14(B).
We therefore vacate the finding of the trial court as it pertains to the sentence it imposed and remand for resentencing.
This cause is vacated and remanded for further proceedings consistent with the opinion herein.
It is, therefore, ordered that appellant recover from appellee costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, J. and COLLEEN CONWAY COONEY, J., CONCUR.