OPINION
{¶ 1} This is an appeal from a summary judgment in which the trial court held that the plaintiffs are not entitled to uninsured/underinsured ("UM/UIM") motorist coverage under policies of liability insurance that were issued to plaintiffs' employers by the defendants.
 {¶ 2} On September 24, 1995, William and Anne Wodrich were each seriously injured in an automobile accident. William Wodrich was then employed by BancOne, and in this action claims that he was on company business at the time. Anne Wodrich was then employed by Beavercreek Local Schools, a public school district. It is undisputed that she was not on her employer's business when the accident occurred.
 {¶ 3} The Wodrichs settled with the tortfeasor, Marlin Staffman, and his insurer, Nationwide Mutual Insurance Company, for policy limits in the amount of $200,000. On March 24, 1996, they executed a complete release from liability in Staffman's favor. Subsequently, the Wodrichs settled their underinsured motorist claims against their own insurer, Farmers of Columbus, Inc.
 {¶ 4} Approximately two and one-half years after they settled the foregoing claims, the Wodrichs made a demand for underinsured motorist coverage on companies that had issued liability policies to their respective employers, relying on the rule of Scott-Ponzer v. LibertyMutual Fire Insurance Company (1999), 85 Ohio St.3d 660. They made the demand on Nationwide Mutual Fire Insurance Company ("Nationwide"), which had issued three policies to Beavercreek Local Schools, Anne Wodrich's employer. They made a like demand on Federal Insurance Company ("Federal"), which had issued three policies to BancOne, William Wodrich's employer. The demands or at least a notice of the claims, were presented on September 30, 1999. Both demands were refused.
 {¶ 5} The Wodrichs commenced this action against Nationwide and Federal, alleging breach of contract and bad faith. Nationwide and Federal filed counterclaims, seeking a declaration that they had no duty to provide underinsured motorist coverage to the Wodrichs. Following the initial pleadings, all parties moved for summary judgment. The trial court granted Nationwide's and Federal's motions, declaring that they owe no duty of coverage. The court denied the summary judgment motion the Wodrichs had filed. They then filed a timely notice of appeal.
 ASSIGNMENT OF ERROR {¶ 6} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANTS BY GRANTING APPELLEES' MOTIONS FOR SUMMARY JUDGMENT AND DENYING APPELLANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT."
 {¶ 7} Nationwide and Federal each issued three policies of the same type to the Wodrichs' employers; a business auto policy, a commercial general liability policy, and an umbrella liability policy. The policies all provide automobile coverage in some form. All the policies required the insureds to notify the insurer before settling with a tortfeasor. It is undisputed that the Wodrichs failed to comply with those requirements.
 {¶ 8} R.C. 3937.18(A) requires an insurer that delivers a policy of automobile liability insurance to also offer UM/UIM coverage under that contract to the policyholder. If the insurer fails to do that, or the policyholder doesn't expressly reject the offer, a duty to provide UM/UIM coverage under the contract will be imposed on the insurer by operation of law. Schumaker v. Kreiner, 88 Ohio St.3d 358, 2000-Ohio-344.
 {¶ 9} This court has held that imposition of a duty to provide UM/UIM coverage on the insurer nevertheless does not relieve the insured of duties it assumed when it entered the contract with the insurer.Luckinbill v. Midwestern Indem. Co. (2001), 143 Ohio App.3d 501;Cincinnati Insurance Co. v. Estate of McClain (March 8, 2002), Greene App. No. 2001-CA-96, 2002-Ohio-1190. More specifically, we applied the rule in those cases to circumstances in which the insured had failed to comply with notice or consent provisions in a liability policy similar to those involved here, holding that the insured's failure relieved the insurer of any duty to provide coverage under the contract otherwise imposed by operation of law.
 {¶ 10} The Wodrichs argue that the application of our holding is affected by the decision in Scott-Ponzer, or that a claim based onScott-Ponzer differs generically from the claims in Luckinbill andMcClain, so as to require a different result here. We do not agree.
 {¶ 11} In Scott-Ponzer, UM/UIM coverage was imposed by operation of law for the benefit of an employee of a corporation to which a policy of liability insurance was issued that provided automobile coverage to a limited extent, because the insurer had failed to offer UM/UIM coverage when it delivered the policy. The majority in Scott-Ponzer further reasoned that, because the named insured was a corporation, without further limitation as to which of the corporation's officers or employees were benefitted with liability coverage, and absent any "on the job" limitation with respect to the liability coverage provided, an employee of the corporation who was killed due to the negligence of an uninsured or underinsured tortfeasor was entitled to UM/UIM coverage under the corporation's policy, even though the employee was engaged in purely private pursuits at the time.
 {¶ 12} The policies issued by Nationwide and Federal extended liability coverage to the Wodrichs' employers. With but one exception, the policies employed the same language as the policy in Scott-Ponzer
when identifying the insured. And, the policies cover the limited use of automobiles, as the policy in Scott-Ponzer did. However, theScott-Ponzer policy apparently imposed no duty on the insured to give the insurer prior notice of any settlement or release. The policies issued by Nationwide and Federal do, and per our holdings in Luckinbill andMcClain the failure of the Wodrichs to comply with those requirements before they released the tortfeasor from liability relieves Nationwide and Federal of any duty to provide UM/UIM coverage otherwise imposed on these policies by operation of law.
 {¶ 13} The trial court applied the foregoing rule in granting Federal's motion for summary judgment on its claim for declaratory relief with respect to its duty of coverage. The court acted correctly in doing that. The court declined to apply the same rule to Nationwide, stating: "Nationwide did not pay any money under the policies with Beavercreek Local Schools, therefore, there is a failure of consideration supporting the release." (Judgment and Decision, p. 5.)
 {¶ 14} We are at a loss to understand the distinction that the trial court made, because any lack of consideration paid by Nationwide is immaterial to the Wodrichs' breach of their duty to provide notice. The trial court should have granted summary judgment to Nationwide for the same reason the court granted summary judgment to Federal, which was because the Wodrichs had breached the notice provisions in the policies concerned.
 {¶ 15} The Wodrichs further argue that a distinction exists for these purposes per our decision in McClain, which distinguished policy provisions requiring notification from those requiring the insurer's consent to any settlement and release. We do not find that distinction material to the issues involved here. In any event, in McClain, as here, it was failure to abide by a notice provision that barred a UM/UIM claim.
 {¶ 16} The Wodrichs also argue that the rule of Luckinbill andMcClain should not apply to them because the claimants in those cases were charged with knowledge of the notice provision because the claimants were policyholders, while the Wodrichs had no knowledge of the policies issued to their employers and seek coverage under the rule ofScott-Ponzer. Obviously, there is a practical difference in their opportunity to know of the policies and the coverage those policies provide in order to charge the Wodrichs with knowledge of that coverage and the notice requirement attached to it. However, the real issue is whether the Wodrichs breached a duty they owed the insurer with respect to whatever coverage the policies provided them. They did, and are not entitled to coverage as a result.
 {¶ 17} The trial court did not grant Nationwide's motion for summary judgment for a breach of the notice provisions. Rather, it granted judgment for Nationwide on a holding that because its policyholder, Beavercreek Local Schools, is a public school district, it is barred by statute from purchasing liability coverage that would benefit its employees except while on the job. Therefore, any UM/UIM coverage that might benefit Anne Wodrich with respect to her particular claim was unavailable in any event, relieving Nationwide ab initio of any duty to offer it or of any duty to show that UM/UIM coverage was expressly declined by the policyholder. Nationwide urged the court to take that position, relying on R.C. 9.83, R.C. 3313.20, and R.C. 3327.09. The Wodrichs argue that the trial court's holding was unwarranted. They rely on several cases, principally the Ohio Supreme Court's decision inHeadley v. Ohio Government Risk Management, 86 Ohio St.3d 64,1999-Ohio-341.
 {¶ 18} Headley was a memorandum decision. It applied the rule ofScott-Ponzer to a UM/UIM claim of a township trustee who was injured while engaged in private pursuits, making the rule applicable to risk management pool liability insurance the township had purchased. However, neither the Supreme Court nor the two underlying court of appeals decisions turned on, or even discussed, whether the township was barred by law from purchasing UM/UIM coverage that would benefit the trustee in that circumstance. See Headley v. Ohio Gov't Risk Management Plan (Mar. 30, 1998), Muskingum App. No. CT97-0017; Headley v. Ohio Gov't RiskManagement Plan (June 24, 1998), Muskingum App. No. CT97-0022. Neither did the two other decisions on which the Wodrichs rely, which involved school districts, discuss the statutory bars asserted by Nationwide, which the trial court here applied. Therefore, we find the case law unpersuasive on the point for which it is offered.
 {¶ 19} Even so, we need not determine whether the trial court erred when it granted summary judgment for Nationwide on its statutory bar claim. We have found that Nationwide was entitled to summary judgment on its defense that the Wodrichs had failed to comply with the notice requirements of the Nationwide policies. An appellate court can decide an issue on grounds different from those determined by the trial court, so long as the evidentiary basis upon which the appellate court relies was addressed before the trial court and is a matter of record. State v.Peagler (1996), 76 Ohio St.3d 496. That's the case here with respect to Nationwide's failure of notice defense.
 {¶ 20} The Wodrichs argue that, nevertheless, they should be excused from their failure to comply with the notice provisions of both the Nationwide and the Federal policies. They present two arguments in that respect.
 {¶ 21} First, the Wodrichs argue that they should be excused from any failure to comply because, when they released the tortfeasor on March 24, 1996, and until Scott-Ponzer was decided on June 23, 1999, they were unaware that any UM/UIM coverage might be available to them for their injuries under policies that were issued to their employers. They suggest that Nationwide and Federal had a duty to make them aware of potential UM/UIM coverage available to them.
 {¶ 22} It is no doubt true that the Wodrichs were unaware of the subsequent decision in Scott-Ponzer when they settled with the tortfeasor, but that does not foreclose the possibility that the Wodrichs might have sought UM/UIM coverage under these policies, as the plaintiff in Scott-Ponzer did. They would then have been aware of the notice provisions in the Nationwide and Federal policies, and thus in a position to comply with them or to challenge them. It is reasonable to charge the Wodrichs with that responsibility; they were aware of the accident, their injuries, and the alleged inadequacy of the coverage otherwise available to them. Nationwide and Federal knew none of those things, and they are not charged with knowledge of them. They cannot reasonably be required to publish to any of universe of persons who might make a claim the potential availability of UM/UIM coverage in the myriad circumstances that it might involve.
 {¶ 23} Second, the Wodrichs argue that the insurers should be required to show that they suffered some actual and substantial loss in the value of their subrogation rights from the Wodrichs' release of the tortfeasor, and that lacking that Nationwide and Federal cannot reasonably invoke the Wodrichs' breach of the notice provisions to avoid the duty of coverage that Scott-Ponzer might otherwise impose.
 {¶ 24} A subrogation clause is a valid precondition to coverage.Bogan v. Progressive Cas. Ins. Co. (1988), 36 Ohio St.3d 22, overruled on other grounds, McDonald v. Republic Franklin Ins. Co. (1989),45 Ohio St.3d 27. "Moreover, `[i]t is well-settled in Ohio that by executing a release which precludes an insurer from exercising its subrogation rights an insured materially breaches his insurance contract and discharges his insurer from its obligation to provide coverage."McClain, at p. 5, quoting Ruby v. Midwestern Indem.Co. (1988),40 Ohio St.3d 159, 162. The presumption of loss that arises from those rules of law runs in favor of the insurer. Therefore, if the presumption is rebuttable, it is the claimant's burden to offer evidence to rebut it, including any evidence that the insurer suffered no actual loss as a result of the claimant's breach. No such showing was made here.
 {¶ 25} The assignment of error is overruled. The judgment of the trial court will be affirmed.
BROGAN, J. and FAIN, J., concur.