DECISION AND JUDGMENT ENTRY
{¶ 1} David Crenshaw appeals the denial of his motion to suppress by the Lucas County Common Pleas Court following no contest pleas to one count of carrying a concealed weapon and one count of trafficking in marijuana. Because we conclude that the search of Crenshaw's vehicle was proper, we affirm.
 {¶ 2} On March 10, 2000, Crenshaw was involved in a one vehicle accident. Crenshaw apparently hit the corner of a building, continued down the road, struck a parked vehicle, went off the left side of the road, and hit a tree. Toledo police officers responded to the accident. After questioning Crenshaw about what happened, the officers took Crenshaw's driver's license and vehicle information, called for a vehicle tow, and ran a records check for warrants and driving status. When the records check revealed that Crenshaw had several outstanding traffic warrants, he was placed under arrest. The officers conducted an inventory search of the vehicle and found a loaded handgun underneath the driver's seat and a purple Crown Royal bag containing 10 baggies of marijuana in the driver-side door compartment.
 {¶ 3} Crenshaw was indicted for carrying a concealed weapon and for trafficking in marijuana. Crenshaw moved to suppress all statements and evidence derived from the unlawful search and seizure. After a hearing, the trial court found that there was no issue with regard to the lawfulness of the arrest due to the existing warrants, but despite the officer's testimony that the search was an inventory search, there was no actual proof of the inventory policy. The trial court noted, however, that pursuant to State v. Murell, 94 Ohio St.3d 489, 2002-Ohio-1483, once a valid arrest has been established, there can be a contemporaneous search of a vehicle and the closed containers located in the vehicle. The motion to suppress was therefore denied.
 {¶ 4} Crenshaw raises the following sole assignment of error:
 {¶ 5} "The trial court erred in denying defendant's motion to suppress."
 {¶ 6} When considering a motion to suppress, the trial court assumes the role of the trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of a witness. State v. Mills (1992), 62 Ohio St.3d 357, 366. Consequently, in its review, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. State v.Guysinger (1993), 86 Ohio App.3d 592, 594. Accepting the facts as found by the trial court as true, the appellate court must then independently determine as a matter of law, without deferring to the trial court's conclusions, whether the facts meet the applicable legal standard. Statev. Klein (1991), 73 Ohio App.3d 486, 488.
 {¶ 7} Crenshaw argues in his sole assignment of error that the trial court erred in denying his motion to suppress because this was an inventory search, not a search incident to arrest, and the inventory search did not satisfy the requirements of State v. Hathman (1992),65 Ohio St.3d 403 and State v. Peagler (1996), 76 Ohio St.3d 496. InHathman, the Ohio Supreme Court stated:
 {¶ 8} "1. To satisfy the requirements of the Fourth Amendment to United States Constitution, an inventory search of a lawfully impounded vehicle must be conducted in good faith and in accordance with reasonable standardized procedure(s) or established routine. (South Dakota v.Opperman [1976], 428 U.S. 364, 96 S.Ct. 3092, 49 L.E.2d 1000; Colorado v.Bertine [1987], 479 U.S. 367, 107 S.Ct. 738, 93 L.Ed.2d 739; and Floridav. Wells [1990], 495 U.S. 1, 110 S.Ct. 1632, 109 L.Ed.2d 1, followed.)
 {¶ 9} "2. If, during a valid inventory search of a lawfully impounded vehicle, a law-enforcement official discovers a closed container, the container may only be opened as part of the inventory process if there is in existence a standardized policy or practice specifically governing the opening of such containers. (Colorado v.Bertine [1987], 479 U.S. 367, 107 S.Ct. 738, 93 L.Ed.2d 739; and Floridav. Wells [1990], 495 U.S. 1, 110 S.Ct. 1632, 109 L.Ed.2d 1, followed.)"
 {¶ 10} The trial court concluded that the evidence before it was bare of any actual proof of the Toledo Police Department's inventory policy. The officer who conducted the inventory search testified that he was not aware if there was a standardized policy regarding the opening of closed containers during an inventory search. Therefore, the inventory search in this case did not satisfy the requirements of Hathman.
 {¶ 11} Crenshaw argues that because the officer testified that he did an inventory search we need not examine whether any other warrantless search exception to the Fourth Amendment applies. However, "the legal issues involved in a Fourth Amendment challenge are not controlled by the particular reasons given by a law enforcement officer for why he engaged in the particular intrusion involved. So long as the facts hypothesize a basis that in law justifies the action that was taken, the legal challenge will be rejected." State v. Jamison, 2nd Dist. No. 19357,2003-Ohio-907 at ¶ 13.
 {¶ 12} In State v. Murrell, 94 Ohio St. 489, 2002-Ohio-1483 at syllabus, the Ohio Supreme Court held: "When a police officer has made a lawful custodial arrest of the occupant of an automobile, the officer may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile. (New York v. Belton, [1981], 453 U.S. 454,460, 101 S.Ct. 2860, 2864, 69 L.Ed.2d 768, 775, followed; State v.Brown (1992), 63 Ohio St.3d 349, 588 N.E.2d 113, syllabus, overruled;Fourth Amendment to the United Stated Constitution and Section 14, Article I of the Ohio Constitution, harmonized.)"
 {¶ 13} In Murrell, the defendant was pulled over for speeding. When the officer ran a records check, there was an outstanding warrant, and the defendant was arrested. The officer then searched the defendant's vehicle and found a small cloth bag with crack cocaine and powdered cocaine inside. In this case, the officer responded to the scene of an accident. After running a records check and discovering that there were outstanding warrants, the officer placed Crenshaw under arrest. He then proceeded to search the vehicle where he found the gun and purple bag containing 10 baggies of marijuana. While the officer classified his search as an inventory search, it also was a search incident to arrest. As such, Murrell applies, and the Fourth Amendment was not violated.
 {¶ 14} At least one other court has held similarly. In State v.Bozeman, 2nd Dist. No. 19155, 2002-Ohio-2588, the Second Appellate District held that while the state had failed to establish a lawful impoundment and inventory search, the search was nonetheless permissible under Murrell.
 {¶ 15} Based on the above, we find that Crenshaw's sole assignment of error is not well taken, and thus, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal.
 JUDGMENT AFFIRMED.