**De GARMO, Plaintiff-Appellee, v. De GARMO, Defendant-Appellant.**

Ohio Appeals, Second District, Champaign County.

No. 118.   Decided November 16, 1949.

David W. Carter, William E. Bailey, Springfield, for plaintiff-appellee.
Coughlin, Ogier & Lloyd, Columbus, for defendant-appellant.

## OPINION

By THE COURT:

This is an appeal on questions of law from the judgment of the Common Pleas Court of Champaign County, Ohio, which granted a decree of divorce to the plaintiff-appellee on the grounds of gross neglect of duty and extreme cruelty.

The appellant has not set forth specifically the errors assigned, but from the brief it appears that the errors complained of are: That the judgment is not sustained by sufficient evidence and that the court committed manifest error in finding that only one child was born as the issue of said marriage.

The plaintiff, in her amended petition, alleged that the defendant was guilty of gross neglect of duty and extreme cruelty. The terms "any gross neglect of duty" and "extreme cruelty" are not defined in the statute. What facts constitute gross neglect of duty or extreme cruelty in any given case must be left to the sound discretion of the court. In such matters the trial court may exercise a broad discretion. **Coleman v. Coleman, 68 Oh Ap 410,** 41 N. E. (2d) 734.

A reviewing court will not disturb the judgment of the trial court on the ground of insufficiency of the evidence unless it clearly appears that the conclusion reached cannot be supported by any rational view of the evidence. The trial court was required to weigh the evidence and was the sole judge of the credibility of the witnesses. A reviewing court will not reverse the judgment because the evidence supporting it seems open to suspicion or does not impress the reviewing court. 2 O. Jur. (Part 2), page 1154. If there is some evidence to sustain the judgment of the trial court it is the duty of the reviewing court to affirm the judgment.

After a careful examination of all the evidence in this case the Court concludes that the allegations in the plaintiff's amended petition were supported by some evidence and this Court is required to and does hereby affirm the judgment with respect to granting the divorce.

The plaintiff, in her amended petition, and the defendant, in his answer, alleged that two children were born as the issue of said marriage. The facts are uncontradicted. It appears that the first child was born three months prior to the marriage. However, the pleadings and the evidence clearly meet the requirements of §10503-15 GC. As a consequence,

James De Garmo, the first child born, is a legitimate child of the plaintiff and the defendant, and the court should have so found.

Where the facts are undisputed the reviewing court, under the provisions of §12223-27 GC, may modify the final order. Coming now to make the order which the trial court should have made, this Court finds that two children are the legitimate issue of said marriage, James De Garmo, age thirteen years, and Sally De Garmo, age five years. Inasmuch as the court made no order respecting the support and custody of James De Garmo, the case is remanded to the trial court for a determination of this matter. An entry may be drawn accordingly.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.