OPINION
{¶ 1} Defendant, Newmark Homes, Inc. ("Newmark"), appeals froma judgment of the court of common pleas in favor of Plaintiff,Stone Excavating, Inc. ("Stone"), on Stone's claim for breach ofcontract.
 {¶ 2} Stone agreed to perform certain work to install streets,water and sewer lines, and construction site pads at asubdivision of residential properties being developed by Newmarkin Vandalia. The contract was in several writings, supplementedby oral agreements.
 {¶ 3} The work to be performed by Stone was identified in aseries of progressive steps, culminating in its installation of asecond, finished layer of asphalt on the streets it hadconstructed. The contract provided the price of each step.Newmark agreed to pay for each when complete, upon Stone'sapplication. Stone agreed that Newmark would retain six per centof each payment dug for repair of any work performed improperly.
 {¶ 4} Stone began work in 1997 and completed all steps exceptthe last, installation of the second layer of asphalt on thestreets, by March of 1998. Stone applied for payment as each wascompleted. Newmark paid the amount due for each, less the six percent retainage.
 {¶ 5} Vandalia's building regulations impose a minimum ninemonth period between installation of the first and second layersof asphalt on new streets. It also requires contractors tocomplete all development work within two years, subject toone-year extensions when delays are encountered.
 {¶ 6} Newmark encountered delays and received severalextensions from Vandalia. The final extension was until Octoberof 2001. Approximately each six months following completion ofits other work in 1998, Stone had asked for permission fromNewmark to place the second layer of asphalt. Each time Newmarkdeclined, citing the need to complete its other work. It isundisputed that performance of the other work could damage thesecond layer of asphalt.
 {¶ 7} When Stone made its last request to complete its work,Newmark stated that it would likely be ready some months later,in October of 2001. Stone protested that it could not do the workthen, because of other commitments. Newmark stood with itsprojection.
 {¶ 8} In October of 2001, Newmark requested Stone to place thesecond layer of asphalt. Stone said it could not perform the workthen. Newmark performed the work itself. In the process, Newmarkalso performed the "bond work" repair to the earlier work thatStone had performed and for which it had been paid the contractprice, less retainage.
 {¶ 9} Stone demanded the retainage Newmark had kept from thepayments it made for the work Stone performed. Newmark declined,citing Stone's failure to complete its work by installing thesecond layer of asphalt. Stone commenced an action for breach ofcontract. After a trial to the bench, the court granted judgmentfor Stone in the amount of the retainage, $31,466.08, less aset-off of $1,099.59 for bond work Newmark had performed. Newmarkappeals.
 FIRST ASSIGNMENT OF ERROR {¶ 10} "The trial court committed reversible error in itsapplication of the substantial performance doctrine."
 SECOND ASSIGNMENT OF ERROR {¶ 11} "The trial court committed errors of law in itsconstruction of the contract regarding time of performance andinstalling of pads."
 {¶ 12} The contract provided no date certain for thecompletion of the work Stone promised to perform. The trialcourt, after taking evidence, found that the parties intendedthat the work would be completed within two years after Stonebegan work in 1997. The court went on to hold that the work Stonehad performed within that time constituted substantialperformance of its promises, and that Stone was entitled to havethe retainage portions of the payment for that work kept byNewmark.
 {¶ 13} Newmark argues that the trial court erred when itapplied the doctrine of substantial performance on these facts,and we agree. In the law of contracts, "substantial performance"is approximation of full performance such that the partiesobtain, in the main, what the contract called for, although it isnot complete and final performance in every particular. See 17AAmerican Jurisprudence 2d 576, Contracts, Section 619. Here, theparties agreed that Stone would place the second layer of asphaltand do the required bond work, which it did not do at all. Thework was necessary to complete the job. Therefore, on this recordthere could not be substantial performance.
 {¶ 14} The trial court's error does not require us to reverseits judgment for Stone, however. An appellate court may decide anissue on grounds different from those determined by the trialcourts when the evidentiary basis upon which the appellate courtdecides the legal issue was addressed before the trial court andmade a part of the record of the trial proceeding. State v.Peagler (1996), 76 Ohio St.3d 496. That is the case here.
 {¶ 15} The subject of Newmark's second assignment of error isthe trial court's finding that the parties intended that thewhole contract be performed within two years. The trial court wasrequired to make such a finding because the writings contain nodate for completion of the promises made, and the issue iswhether Stone breached the contract because of itsnonperformance.
 {¶ 16} When the performance period of a contract is undefined,the law implies that the parties intended and agreed thatperformance will take place within a reasonable time. Stewartv. Herron (1907), 77 Ohio St. 130, 147. What constitutes areasonable time for contract performance is an issue of factdetermined by the conditions and circumstances which the partiescontemplated at the time the contract was executed. Miller v.Bealer (1992), 88 Ohio App.3d 180, 182. We will not reverse atrial court's finding of fact or conclusion of law if supportedby competent and credible evidence. Seasons Coal Co., Inc. v.City of Cleveland (1984), 10 Ohio St.3d 77, 79. The presidentof Stone testified he expected to lay the second layer of asphaltin November of 1998. Newmark's president testified that there wasno discussion about a performance period or delays at the timethe agreement was made. The trial court, as trier-of-fact, was inthe best position to evaluate the evidence. It found that noperformance period had been established, and imposed a reasonableperiod based on the City of Vandalia's two-year limitation forsubdivision construction projects. Therefore, its finding of atwo-year limit is supported by competent and credible evidence.Seasons Coal Co., supra.
 {¶ 17} Retainage for which a contract provides may be treatedas a penalty or as liquidated damages. Jones v. Stevens (1925),112 Ohio St. 43. Under either alternative, a promisee who woulddeny payment of the amount it retained must show some breach bythe promisor of a promise to which the retainage applies. Absentsuch a showing, the promisee is bound by its agreement to pay theretainage to the promisor.
 {¶ 18} A party to a contract that prevents performance on thepart of the adverse party cannot rely on that non-performance toclaim a breach. Sutter v. Farmer's Fertilizer Co. (1919),100 Ohio St. 403. It is undisputed that Newmark refused to allowStone to place the final layer of asphalt within the two-yearperiod the trial court found was a reasonable time for Stone'sperformance of its promises under the contract. Therefore,Newmark cannot rely on Stone's failure to perform that work andthe related bond work to show non-performance. Lacking thatshowing, Newmark is not relieved of its duty to pay the retainagein the amount of $31,466.08 for the work Stone did perform.
 {¶ 19} Being estopped from arguing nonperformance on the partof Stone, Newmark cannot demonstrate a breach or other event thatwould allow Newmark to avoid paying the retainage owed to Stone.Therefore, the trial court was correct when it awarded judgmentfor Stone in that amount. Further, the result it reached issensible as well as just.
 {¶ 20} It is undisputed that Stone performed the work to whichthe retainage applies. And, the separate payment for each step inthe work for which the contract expressly provides allows theconstruction steps to be treated as severable obligations. Thefact that Newmark performed the final step doesn't detract fromthe fact that Stone performed all the others, to which theretainage amount applies.
 {¶ 21} Newmark argues that, even so, it is entitled for morecompensation for the bond work it performed than the $1,099.59set off allowed by the trial court. Newmark also asks us toreview the trial court's findings that: 1) Stone was onlyrequired to level as many construction site pads as could be donewith material excavated on site; and that 2) Newmark was notentitled to a $2,000 credit for a portion of the sewer line thatwas not installed per agreement. Both findings are supported bycompetent, credible evidence offered by both parties. The trialcourt was in the best position to evaluate the evidence, and itfound for Stone on both points. We may not then reverse thefinding. Seasons Coal Co., supra.
 {¶ 22} The First and Second Assignments of Error areoverruled.
 THIRD ASSIGNMENT OF ERROR {¶ 23} "The judgment of the trial court is manifestly againstthe weight of the evidence and is not supported by sufficientevidence."
 {¶ 24} Newmark mounts a general attack on all of the court'sfindings as being against the weight and/or sufficiency of theevidence. Sufficiency is a legal term of art describing the legalstandard which is applied to determine whether the evidence islegally sufficient to support the judgment as a matter of law.State v. Thompkins (1997), 78 Ohio St.3d 380, 386. We will notreverse a civil judgment as against the manifest weight of theevidence if it is supported by any competent credible evidencethat goes to each element of the case. C.E. Morris v. FoleyCons. Co. (1978), 54 Ohio St.2d 279, 281. Reversal requires thatthe conclusion of the trial court cannot be supported by anyrational view of the evidence; not just that it is suspicious.DeGarmo v. DeGarmo (1949), 56 Ohio L. Abs. 357.
 {¶ 25} We find that the evidence presented in this case is, atmost, only conflicting. There is nothing to suggest that any ofthe evidence is legally insufficient to support the trial court'sjudgment or that the trial court's judgment is based on anirrational view of the evidence. The trial court evaluatedcompetent and credible testimony and documents from both sidesand drew a conclusion. As such, we sustain its judgment. C.E.Morris Co., supra.
 {¶ 26} The Third Assignment of Error is overruled.
 Fain, P.J. and Young, J., concur.