OPINION
{¶ 1} On October 23, 2005, appellant, Michael Lott, was charged with hit skip on private property in violation of R.C. 4549.021 and operating a motor vehicle while under the influence of alcohol in violation of R.C. 4511.19 (Case No. 05TRC11651). Appellant was also charged with possession of drug paraphernalia in violation of R.C. 2925.14
(Case No. 05CRB2277).
 {¶ 2} On November 22, 2005, appellant filed a motion to suppress, claiming an illegal stop and arrest. Appellant also moved for a dismissal of the hit skip charge. A hearing was held on December 20, 2005. By judgment entry filed December 21, 2005, the trial court denied the motions.
 {¶ 3} On February 15, 2006, appellant pled no contest to the charges of operating a motor vehicle while under the influence of alcohol and possession of drug paraphernalia. The hit skip charge was dismissed. The trial court found appellant guilty, and sentenced him to thirty days in jail, twenty-four days suspended, and ordered appellant to pay fines and costs.
 {¶ 4} Appellant filed an appeal in each case and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 5} "THE TRIAL COURT ERRED IN OVERRULING DEFENDANT-APPELLANT'S MOTION TO SUPPRESS. THE MOTION TO DISMISS THE CHARGE OF HIT-SKIP ON PRIVATE PROPERTY SHOULD HAVE BEEN GRANTED AS A MATTER OF LAW, AND THE APPEAL OF THE ADMINISTRATIVE LICENSE SUSPENSION SHOULD HAVE BEEN SUSTAINED."
 II {¶ 6} "THE TRIAL COURT ERRED IN FAILING TO SUPPRESS MARIJUANA AND DRUG PARAPHENALIA (SIC) WHICH WAS SEIZED AS THE RESULT OF AN ILLEGAL SEARCH OF DEFENDANT-APPELLANT'S MOTOR VEHICLE."
 I, II {¶ 7} Appellant claims the trial court erred in denying his motion to suppress. Specifically, appellant claims there was no probable cause to follow, attempt to stop and stop his vehicle. As a result, the items seized during the inventory search of his vehicle should have been suppressed. We disagree.
 {¶ 8} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. State v. Fanning (1982),1 Ohio St.3d 19; State v. Klein (1991), 73 Ohio App.3d 485; State v.Guysinger (1993), 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. State v. Williams (1993),86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), 95 Ohio App.3d 93; State v.Claytor (1993), 85 Ohio App.3d 623; Guysinger. As the United States Supreme Court held in Ornelas v. U.S. (1996), 116 S.Ct. 1657, 1663, ". . .as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal."
 {¶ 9} In Terry v. Ohio (1968), 392 U.S. 1, 22, the United States Supreme Court determined that "a police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possible criminal behavior even though there is no probable cause to make an arrest." However, for the propriety of a brief investigatory stop pursuant to Terry, the police officer involved "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." Id. at 21. Such an investigatory stop "must be viewed in the light of the totality of the surrounding circumstances" presented to the police officer. State v. Freeman (1980), 64 Ohio St.2d 291, paragraph one of the syllabus.
 {¶ 10} A witness to the private property damage accident, Jeffrey Greenwood, testified during the suppression hearing that he observed appellant back-up over a telephone pole within the Village Gate Apartments complex. T. at 4. Appellant then turned around and left the scene. Id. Mr. Greenwood identified appellant as the driver. T. at 4, 5. Appellant returned and Mr. Greenwood told him to "sit still" because he had called the police. T. at 4. Mr. Greenwood had reported the incident to the police, along with appellant's license plate number. Id. When the officers arrived, appellant attempted to leave the scene and Mr. Greenwood "pointed as he was leaving that he was the one that ran over the pole." T. at 4-5.
 {¶ 11} Pataskala Police Department Patrolman Aaron Aidt testified he and another officer, Patrolman Michael Massaro, were dispatched to the scene of a "hit skip on private property." T. at 9. The officers were advised of the vehicle's description and license plate number and that the vehicle was returning to the scene. T. at 9-10. When the officers arrived, "a male subject standing in the boulevard area he pointed at the truck and stated `that's the vehicle' the truck also matched the description that dispatch had gave us." T. at 10. The officers then followed the vehicle and attempted to stop appellant however, appellant did not stop. Id. Instead, appellant proceeded to a private drive, shut off its lights and parked in a grassy area. Id. Patrolman Aidt concluded this was an attempt to alude the officers. Id. Thereafter, the officers ordered appellant from the vehicle and appellant exited the vehicle. T. at 11. The officers arrested appellant for hit skip and at that time, Patrolman Aidt "detected an odor of an alcoholic beverage emitting from the subject." Id. The officers then attempted to pursue an investigation for driving under the influence, but appellant refused to submit to any field sobriety tests. Id.
 {¶ 12} Appellant was charged with failing to stop after accident occurring on property other than public highways in violation of R.C. 4549.021 which states the following in pertinent part:
 {¶ 13} "(A) In case of accident or collision resulting in injury or damage to persons or property upon any public or private property other than public roads or highways, due to the driving or operation thereon of any motor vehicle, the person driving or operating the motor vehicle, having knowledge of the accident or collision, shall stop, and, upon request of the person injured or damaged, or any other person, shall give that person the driver's or operator's name and address, and, if the driver or operator is not the owner, the name and address of the owner of that motor vehicle, together with the registered number of that motor vehicle, and, if available, exhibit the driver's or operator's driver's or commercial driver's license.
 {¶ 14} "If the owner or person in charge of the damaged property is not furnished such information, the driver of the motor vehicle involved in the accident or collision, within twenty-four hours after the accident or collision, shall forward to the police department of the city or village in which the accident or collision occurred or if it occurred outside the corporate limits of a city or village to the sheriff of the county in which the accident or collision occurred the same information required to be given to the owner or person in control of the damaged property and give the date, time, and location of the accident or collision." (Emphasis added.)
 {¶ 15} Appellant did not stop and give his name, address and vehicle information to Mr. Greenwood even though Mr. Greenwood had told appellant to "sit still."
 {¶ 16} Appellant argues the manager or representative of the Village Gate Apartments complex was unavailable at the time of the accident. Therefore, because R.C. 4549.03 does not require an accident on private property to be immediately reported if no one is present, the stop was without probable cause. R.C. 4549.03 governs motor vehicle accidents resulting in damage to realty and states the following:
 {¶ 17} "(A) The driver of any vehicle involved in an accident resulting in damage to real property, or personal property attached to real property, legally upon or adjacent to a public road or highway immediately shall stop and take reasonable steps to locate and notify the owner or person in charge of the property of that fact, of the driver's name and address, and of the registration number of the vehicle the driver is driving and, upon request and if available, shall exhibit the driver's or commercial driver's license.
 {¶ 18} "If the owner or person in charge of the property cannot be located after reasonable search, the driver of the vehicle involved in the accident resulting in damage to the property, within twenty-four hours after the accident, shall forward to the police department of the city or village in which the accident or collision occurred, or if it occurred outside the corporate limits of a city or village to the sheriff of the county in which the accident or collision occurred, the same information required to be given to the owner or person in control of the property and give the location of the accident and a description of the damage insofar as it is known."
 {¶ 19} Although appellant's argument is correct, he fails to point out that he did not "stop and take reasonable steps to locate and notify the owner or person in charge of the property."
 {¶ 20} The facts presented in this matter lead us to consider whether the attempt to stop appellant was a non-Terry consensual encounter or a seizure.
 {¶ 21} The officers were legitimately interested in obtaining some information from appellant. Appellant immediately fled the scene and the officers pursued him. In County of Sacramento v. Lewis (1998),523 U.S. 833, 843-844, the United States Supreme Court developed the exception to the Terry stop rule refined in California v. Hodari D. (1991),499 U.S. 621:
 {¶ 22} "[O]ur cases foreclose finding a seizure. We held inCalifornia v. Hodari * * * that a police pursuit in attempting to seize a person does not amount to a `seizure' within the meaning of the Fourth Amendment. And in Brower v. County of Inyo, 489 U.S. 593, 596-597,109 S. Ct. 1378, 1381, 103 L. Ed. 2d 628 (1989), we explained `that a Fourth Amendment seizure does not occur whenever there is a governmentally caused termination of an individual's freedom of movement (the innocent passerby), nor even whenever there is a governmentally desired
termination of an individual's freedom of movement (the fleeing felon), but only when there is a governmental termination of freedom of movementthrough means intentionally applied.' We illustrated the point by saying that no Fourth Amendment seizure would take place where a `pursuing police car sought to stop the suspect only by the show of authority represented by flashing lights and continuing pursuit,' but accidentally stopped the suspect by crashing into him." (Emphasis sic.) (Citations omitted.)
 {¶ 23} We find the referenced case to be similar to the case sub judice. Appellant was told by a private citizen to wait for the police to arrive and was later identified by this citizen. The officers were informed of a private property damage accident and upon their arrival, appellant fled the scene. The subsequent chase and stop did not become a seizure until appellant was placed under arrest. Therefore, we conclude the trial court's denial of appellant's motion to suppress was correct for two reasons. First, the attempt to stop appellant was not a seizure and secondly, the seizure of appellant after the stop was a legitimate response to appellant's failure to obey the lawful order of the officers.
 {¶ 24} Once appellant was stopped, the officers began an investigation for driving under the influence. Appellant's vehicle was parked on private property. Appellant gave the name of the resident, but the name proved to be incorrect. T. at 12, 20. The officers conducted an inventory search of appellant's vehicle and discovered a bag of marijuana in the glove box, a film container with a roach clip in the console and zig zag papers on the bench seat. T. at 11. Patrolman Massaro testified as to the inventory policies and procedures of the Pataskala Police Department and stated that closed containers may be searched if they are within reach of the driver. T. at 27.
 {¶ 25} Appellant argues State v. Brown (1992), 63 Ohio St.3d 349, prohibits a search of closed containers within receptacles of vehicles. However, in Brown, the defendant was not under arrest and the search was not an inventory search but a search for weapons. Further, the Supreme Court of Ohio specifically overruled Brown in State v. Murrell,94 Ohio St.3d 489, 2002-Ohio-1483. In State v. Peagler, 76 Ohio St.3d 496,1996-Ohio-73, and State v. Mesa, 87 Ohio St.3d 105, 1999-Ohio-253, the Supreme Court of Ohio adopted the rule that inventory searches done under the specific guidelines of a written policy can permit the opening of a closed container within a vehicle. We therefore conclude the search and seizure of the marijuana, roach clip and papers from appellant's vehicle did not violate appellant's Fourth Amendment rights.
 {¶ 26} Upon review, we find the trial court did not err in denying appellant's motion to suppress.
 {¶ 27} Assignments of Error I and II are denied.
 {¶ 28} The judgment of the Municipal Court of Licking County, Ohio is hereby affirmed. By Farmer, J. Wise, P.J. and Hoffman, J. concur.
JUDGES
JUDGEMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Municipal Court of Licking County, Ohio is affirmed.
JUDGES