DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of conviction for felonious assault and multiple counts of domestic violence entered on a jury verdict in the Erie County Court of Common Pleas. For the reasons that follow, we affirm.
 {¶ 2} In April 2005, appellant, Guy Siddell, and his girlfriend, Teresa Baillie, lived together at the home of appellant's mother. On April 16, 2005, the couple returned home after an evening of drinking and became involved in an altercation which, according to Baillie, concluded with appellant choking her into unconsciousness. *Page 2 
 {¶ 3} Baillie later testified that, when she regained consciousness, she fled to a neighbor's apartment, returning some time later in an attempt to retrieve some clothing. Again, Baillie encountered appellant and again an argument ensued; this time moving into an alley outside the home. There, appellant continued to kick and beat Baillie until physically restrained by police. Appellant was arrested and, on June 13, 2005, named in an indictment charging two counts of domestic violence with prior convictions: both third degree felonies.
 {¶ 4} On June 29, 2005, Baillie and appellant were in a neighbor's apartment when they again exchanged blows, with appellant eventually throwing Baillie into the wall with such force that the outline of her body was impressed into the wall. When the neighbor discovered the damage, he called police who responded, but only issued a warning.
 {¶ 5} According to Baillie, notwithstanding the police warning, as she was walking to her parent's home appellant again accosted her, shoving her into a utility pole. Later, appellant again attacked Baillie on the street, throwing her to the ground, punching and kicking her. As he left, appellant delivered a final kick to Baillie's back. Baillie was eventually found on the street and taken to a hospital where x-rays revealed that she had sustained three broken vertebrae.
 {¶ 6} On July 18, 2005, appellant was named in a second indictment, charging felonious assault and domestic violence, both with a physical harm specification and an additional domestic violence count. *Page 3 
 {¶ 7} Appellant pled not guilty to all counts. The matter proceeded to a jury trial, following which appellant was found guilty of all counts and specifications. The trial court accepted the verdict and on the original indictment sentenced appellant to concurrent four and two year terms of incarceration to be served consecutive to the sentences imposed on the second indictment, which was concurrent five year, four year and two year terms. From these judgments, appellant now brings this appeal. The court consolidated the cases. Appellant sets forth the following four assignments of error:
 {¶ 8} "I. Appellant's constitutional right to confrontation was violated and the trial court erred in permitting the jury to view on a Telestrator, an exhibit that is prohibited under the Ohio Rules of Evidence and case law.
 {¶ 9} "II. The trial court committed prejudicial error in permitting the state of Ohio to present cumulative photographic evidence of the alleged victim.
 {¶ 10} "III. The trial court committed prejudicial error in actions it took during appellant's trial.
 {¶ 11} "IV. Defense counsel's performance of his duties was deficient in that he made errors so serious that he failed to function as the counsel guaranteed by the Sixth Amendment and appellant was prejudiced by said errors." *Page 4 
 I. Confrontation {¶ 12} In his first assignment of error, appellant insists that he was denied his Sixth Amendment right to confront witnesses against him when, during its case-in-chief, the state projected for the jury to view pages from a police report containing a narrative summary of the events of April 16, 2005. According to appellant, this document is of the type expressly excluded from admissibility by Evid.R. 803(8).
 {¶ 13} The state responds with a number of arguments, all of which are valid. There is no violation of the Sixth Amendment right to confrontation when a hearsay declarant testifies at trial and is subject to cross-examination. California v. Green (1970), 399 U.S. 149, 157-158;State v. Leonard, 104 Ohio St.3d 54, 75, 2004-Ohio-6235, ¶ 110. In this matter, the sources of the information contained in the report all testified and were subject to cross-examination.
 {¶ 14} Moreover, appellant did not object at trial to the introduction of the police report. Indeed, appellant's counsel cross-examined using the report and, when the state sought to withdraw the report's introduction into evidence, appellant's counsel insisted that it be included. Generally, when a defendant fails to object to evidence or otherwise raise issues when error could have been avoided or corrected by the trial court, such errors are deemed waived for purposes of appeal. State v. Peagler (1996), 76 Ohio St.3d 496, 499. Accordingly, appellant's first assignment of error is not well-taken.
 II. Cumulative Photographs {¶ 15} In his second assignment of error, appellant complains that the trial court erred in permitting the introduction of multiple pictures of Baillie's injuries. *Page 5 
 {¶ 16} The determination of whether to admit photographic evidence rests in the sound discretion of the court and will not be disturbed absent an abuse of that discretion. State v. Awkal (1996),76 Ohio St.3d 324, 333. An abuse of discretion is more than an error of judgment or a mistake of law, the term connotes that the court's attitude is arbitrary, unreasonable or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 218. Relevant photographs are admissible if the probative value of each picture exceeds the prejudicial impact to the defendant. Sheer numbers of photographs do not establish prejudice or show that the photographs are cumulative or replicative.Awkal, supra.
 {¶ 17} At issue are seven photographs taken of Baillie's injuries the day after the assault and four photographs taken immediately after the assault. Each is probative of the injuries Baillie sustained. Admission of such evidence is well within the discretion of the court. Accordingly, appellant's second assignment of error is not well-taken.
 III. Other Irregularities {¶ 18} Appellant maintains in his third assignment of error that he was prejudiced by the trial judge's insertion of himself into the proceedings in aid of the prosecution. Specifically, appellant complains that during a sidebar conference the court prompted the state to lay a foundation to establish an excited utterance exception for the introduction of a hearsay statement, later to lay foundation as to a physician's expertise in reading x-rays and, during the state's closing argument, reminding the prosecutor that jurisdiction is an element which must be proved. These instances of what appellant characterizes as *Page 6 
judicial interference, appellant insists, relayed to the jury the court's bias in favor of the state.
 {¶ 19} As appellee points out, acts or statements that suggest a trial judge's bias must be perceived by the jury to be prejudicial. State v.Wade (1978), 53 Ohio St.2d 182, 187-188, reversed on other groundsWade v. Ohio (1978), 438 U.S. 911. All of the statements of which appellant complains occurred outside the hearing of the jury. Moreover, since these remarks seem no more than the ordinary remarks of a trial judge attempting to expedite proceedings and protect the record, we cannot attribute to them the impropriety appellant urges. See R.C.2945.03; Evid.R. 611(A). Accordingly, appellant's third assignment of error is not well-taken.
 IV. Ineffective Assistance of Counsel {¶ 20} In his remaining assignment of error, appellant suggests he received ineffective assistance of trial counsel.
 {¶ 21} "A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction * * * has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. * * * Unless a defendant makes both showings, it cannot be said that the conviction * * * resulted from a breakdown in the adversary process that renders the result unreliable." Strickland v. Washington (1984), 466 U.S. 668, 687. Accord State v. Smith (1985), 17 Ohio St.3d 98, 100. *Page 7 
 {¶ 22} Scrutiny of counsel's performance must be deferential.Strickland v. Washington at 689. In Ohio, a properly licensed attorney is presumed competent and the burden of proving ineffectiveness is the defendant's. State v. Smith, supra. Counsel's actions which "might be considered sound trial strategy," are presumed effective. Strickland v.Washington at 687. "Prejudice" exists only when the lawyer's performance renders the result of the trial unreliable or the proceeding unfair. Id. Appellant must show that there exists a reasonable probability that a different verdict would have been returned but for counsel's deficiencies. See id., 694. See, also, State v. Lott (1990),51 Ohio St.3d 160, for Ohio's adoption of the Strickland test.
 {¶ 23} Appellant's only assertion of ineffective assistance is that during trial counsel failed to present any medical testimony to rebut that of the physicians who testified to Baillie's fractured spine. It is pure speculation that such contrary medical opinion exists. Moreover, it is by no means clear that, had such contrary opinion been offered, the results of the trial would have been different. Accordingly, appellant's fourth assignment of error is not well-taken.
 {¶ 24} On consideration whereof, the judgment of the Erie County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Erie County.
 JUDGMENT AFFIRMED. *Page 8 
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Thomas J. Osowik, J.
George M. Glasser, J.
CONCUR.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio. *Page 1