[Cite as *Rennell v. Rennell*, 2024-Ohio-2454.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| ANDREW W. RENNELL, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 113256 |
| v. | : | |
| SUSAN L. RENNELL, ET AL., | : | |
| Defendants-Appellees. | : | |
| [Appeal by Joseph Bancsi, Intervenor-Appellant] | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED IN PART, AND DISMISSED IN PART
**RELEASED AND JOURNALIZED:** June 27, 2024

Civil Appeal from the Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DR-19-379000

### *Appearances:*

Joseph Bancsi, *pro se*.

Rosenthal | Lane, L.L.C., and James L. Lane, *for appellee*
Susan L. Rennell.

LISA B. FORBES, J.:

{¶ 1} Joseph Bancsi ("Bancsi") appeals from the domestic relations court's

judgment entry denying his motion to intervene and its judgment entry striking his

brief in opposition to motion for sanctions. After reviewing the facts of the case and pertinent law, we affirm the lower court's judgment in part and dismiss this appeal in part for lack of a final appealable order.

{¶ 2} The dispute in this appeal stems from a divorce case filed in October 2019. On May 16, 2022, Bancsi filed a "notice of limited appearance of additional counsel for plaintiff." Bancsi filed additional motions, briefs, and notices[1] in the trial court in May 2022, June 2022, July 2022, August 2022, December 2022, and January 2023.

{¶ 3} On January 27, 2023, defendant filed a motion for sanctions against Bancsi. Bancsi filed a brief in opposition to the motion for sanctions on August 2, 2023, which is approximately six months after the motion for sanctions was filed. That same day, August 2, 2023, Bancsi filed a motion to withdraw as attorney of record for the plaintiff. On August 3, 2023, the court issued a journal entry ordering Bancsi released as attorney of record for the plaintiff.

{¶ 4} On August 4, 2023, the defendant filed a motion to strike Bancsi's brief in opposition to motion for sanctions, which the court granted on August 8, 2023, finding that the brief in opposition was untimely.

---

[1] On September 5, 2022, Bancsi filed a notice of appeal in this court. *See Rennell v. Rennell*, 8th Dist. Cuyahoga No. 111941. This case was stayed pending bankruptcy proceedings, and on August 2, 2023, Bancsi filed a motion to withdraw as appellate counsel, which this court granted the same day. Ultimately, the appeal was dismissed on December 1, 2023, for failure to file an appellate brief.

{¶ 5} On September 7, 2023, Bancsi filed a motion to intervene in the trial court "to protect his interests and defend against the unwarranted filing by Defendant . . . of a Motion for Sanctions . . . against" him. The court denied this motion on September 13, 2023.

{¶ 6} It is from these orders that Bancsi appeals, raising four assignments of error for our review.

> I. The trial court committed reversible error as a matter of law when it granted the motion to strike of appellee and struck the brief of appellant in opposition to the motion of appellee for sanctions upon the ground of untimeliness and denied appellant due process of law.
>
> II. The trial court committed reversible error as a matter of law when (1) it ruled upon and granted motion of appellee to strike brief of appellant. And when (2) [it] ruled upon and denied motion of appellant to intervene since the trial court . . . was not assigned by []random selection and she should have recused herself from the case and now should be disqualified.
>
> III. The trial court committed reversible error as a matter of law when it ruled upon and denied motion to intervene of appellant after the trial court received notice of decision of the Supreme Court dated August 18, 2023, in case No. 23-AP-070, entitled, In Re Disqualification of Hon. Leslie Ann Celebrezze ruling that a Judge [who] is not randomly assigned to a case is disqualified to preside over the case.
>
> IV. The trial court committed reversible error as a matter of law when it denied appellant's motion to intervene and abused its discretion, upon the ground of untimeliness denying appellant due process of law.

{¶ 7} Because Bancsi's assignments of error are interrelated, we review them together. We note that Bancsi challenges two court orders in his four

assignments of error: whether the court erred by granting defendant's motion to strike and whether the court erred by denying his motion to intervene.[2]

## I. Motion to Strike Brief in Opposition

**{¶ 8}** As a preliminary issue, we must determine whether the trial court's journal entry granting the defendant's motion to strike Bancsi's brief in opposition to the motion for sanctions against him is a final appealable order. "It is well-established that an order must be final before it can be reviewed by an appellate court. If an order is not final, then an appellate court has no jurisdiction." *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989).

**{¶ 9}** This court reviewed the issue of whether a journal entry granting a motion to strike is a final appealable order in *Smith v. Smith*, 2019-Ohio-990, ¶ 11 (8th Dist.):

> In *Grahl v. Matthews*, 172 Ohio St. 135, 136, 174 N.E.2d 100 (1961), the Ohio Supreme Court held the following: "The sustaining of the motion to strike . . . leaves the cause still pending in the trial court. The order of the trial court, considering the motion to strike . . . and sustaining it, is not a final order from which an appeal may be taken." *See also George H. Ritz, Jr., Ph. D., Inc. v. Lefton*, 8th Dist. Cuyahoga No. 36722, 1977 Ohio App. LEXIS 8542 (Dec. 8, 1977) (court's granting motion to strike not a final appealable order; "[a]s plaintiff's action remains to be resolved, this court lacks jurisdiction to entertain this appeal . . . .").

---

[2] To the extent that Bancsi raises the issue of recusal or disqualification of the trial judge in his appellate brief, we find that this issue was not properly before the trial court nor did the trial court rule on this issue. *See State v. Peagler*, 76 Ohio St.3d 496, 501 (1996) ("A court of appeals cannot consider [an] issue for the first time without the trial court having had an opportunity to address the issue.").

{¶ 10} Upon review, we find that the trial court's journal entry granting the defendant's motion to strike is not a final appealable order, and we cannot consider the merits of Bancsi's arguments concerning this issue.

## II. Motion to Intervene

{¶ 11} We review a court's ruling on a motion to intervene pursuant to Civ.R. 24(A) for an abuse of discretion. *See Univ. Hosps. of Cleveland v. Lynch*, 2002-Ohio-3748, ¶ 47. An abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). Trial "courts lack the discretion to make errors of law, particularly when the trial court's decision goes against the plain language of a statute or rule." *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 39.

{¶ 12} Civ.R. 24(A) governs intervention of right, and it states as follows:

Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of this state confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction that is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

{¶ 13} Civ.R. 75 governs divorce, annulment, and legal separation actions, and section (B) of this rule states that Civ.R. 24 intervention is not allowed in divorce actions except under the following circumstances:

Civ.R. 14, 19, 19.1, and 24 shall not apply in divorce, annulment, or legal separation actions, however:

(1) A person or corporation having possession of, control of, or claiming an interest in property, whether real, personal, or mixed, out of which a party seeks a division of marital property, a distributive award, or an award of spousal support or other support, may be made a party defendant;

(2) When it is essential to protect the interests of a child, the court may join the child of the parties as a party defendant and appoint a guardian ad litem and legal counsel, if necessary, for the child and tax the costs;

(3) The court may make any person or agency claiming to have an interest in or rights to a child by rule or statute, including but not limited to R.C. 3109.04 and R.C. 3109.051, a party defendant;

(4) When child support is ordered, the court, on its own motion or that of an interested person, after notice to the party ordered to pay child support and to his or her employer, may make the employer a party defendant.

This court has recognized that "'the object of Civ.R. 75(B) is to prevent the intervention of a third-party to a divorce action.'" *Victor v. Kaplan*, 2020-Ohio-3116, ¶ 161 (8th Dist.), quoting *Chrisman v. Chrisman*, 2000 Ohio App. LEXIS 937, 5 (12th Dist. Mar. 13, 2000).

{¶ 14} In the case at hand, Bancsi filed a motion to intervene pursuant to Civ.R. 24(A) on September 7, 2023, which is just over one month after the domestic relations court granted his motion to withdraw as plaintiff's counsel. On September 13, 2023, the court denied Bancsi's motion to intervene, noting that "Civ.R. 75(B) states that Civ.R. 24 does not apply in divorce proceedings." The trial court is correct to the extent that none of the enumerated exceptions in Civ.R. 75(B) apply to Bancsi's motion.

{¶ 15} Bancsi's motion to intervene states that he seeks to intervene in this case "to protect his interests and defend against the unwarranted filing by Defendant

. . . of a Motion for Sanctions, on January 27, 2023, solely against" him. We turn to whether Bancsi's stated reasons fit within one of the exceptions to Civ.R. 75's mandate that Civ.R. 24 intervention does not apply in divorce cases.

{¶ 16} The first exception states that a person having or claiming an interest in property that is subject to division or an award as part of the divorce "may be made a party defendant . . . ." Our review of Bancsi's motion to intervene shows that he is not claiming an interest in property under this exception.

{¶ 17} The second exception states that "the court may join the child of the parties as a party defendant" in the divorce action. It goes without saying, but we say it anyway — Bancsi is not a child of the parties to the divorce in this case.

{¶ 18} The third exception states that the "court may make any person . . . claiming to have an interest in or rights to a child . . . a party defendant . . . ." Our review of Bancsi's motion to intervene shows that he is not claiming an interest in a child under this exception.

{¶ 19} The fourth and final exception states that an employer of a party ordered to pay child support in the divorce proceedings may be made a party defendant to the case. Our review of Bancsi's motion to intervene shows that he is not claiming to be an employer of any party in this case.

{¶ 20} This court recently reviewed and rejected a request by former counsel to intervene in divorce proceedings, applying Civ.R. 75(B). In *Victor*, 2020-Ohio-3116, at ¶ 157, a wife's former attorney in a divorce action "filed a motion to intervene pursuant to Civ.R. 24(A)(2) claiming a third-party interest in the outcome of the

trial." The trial court granted this motion to intervene. *Id.* On appeal, this court held that the attorney did "not have an interest in the marital property." *Id.* at ¶ 164. Rather, we found that this attorney's "interest is only in recovering [his] own attorney fees" and he "has an alternate means to protect [his] interests in the form of civil litigation to collect [his] fees." *Id.* at ¶ 164. This court concluded that the trial court abused its discretion by allowing the attorney "to intervene in the divorce proceeding to collect [his] attorney fees." *Id.* at ¶ 165.

{¶ 21} In the case at hand, Bancsi does not claim an interest authorizing him to intervene in a divorce action pursuant to Civ.R. 75(B)(1)-(4). Upon review, we find that the court acted within its discretion when it denied Bancsi's motion to intervene in this divorce proceeding because none of the exceptions permitting intervention in divorce cases under Civ.R. 75(B) apply.

{¶ 22} Accordingly, Bancsi's four assignments of error are overruled.

{¶ 23} Judgment affirmed in part as to the denial of Bancsi's motion to intervene and dismissed in part as to the granting of the defendant's motion to strike.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

LISA B. FORBES, JUDGE

KATHLEEN ANN KEOUGH, A.J., and
MICHELLE J. SHEEHAN, J., CONCUR